DAHLGREN, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 18—April 11, 1916.*

*Criminal law: Information not confined to offense charged in complaint: Prior conviction not element of offense: Separate counts: Verdict.*

1. Under sec. 4653, Stats., the district attorney in filing an information is not strictly confined to the particular offense stated in the complaint before the examining magistrate, even when the accused waived examination and no testimony was taken.

2. Under sec. 4736, Stats., the fact of a prior conviction and sentence of the accused must be stated in the information in order to warrant the punishment provided for in case of a second offense, but such fact is not an essential element of the substantive offense charged and does not alter the nature of that offense. Language in *Paetz v. State,* 129 Wis. 174, qualified.

3. The statement of the fact of a prior conviction and sentence does not constitute a separate count in the information, and it is not essential that the jury should pass upon it separately and specifically.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

For the plaintiff in error there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *W. B. Rubin,* of counsel, and oral argument by *W. B. Rubin.*

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney, and *Andrew Gilbertson,* assistant district attorney, and oral argument by *Mr. Gilbertson.*

KERWIN, J. The plaintiff in error, hereinafter called defendant, was convicted under sec. 4410, Stats., of burglary of an office building on the 14th day of March, 1915, and sentenced to five years in the state prison at Waupun, and brings the case here by writ of error.

The complaint before the examining magistrate charged that the defendant did unlawfully, feloniously, and burglariously break and enter an office building with intent to steal. No charge was made in this complaint of prior offenses. The defendant waived examination and was bound over.

The district attorney filed an information against the defendant for the offense stated in the complaint before the examining magistrate, and further informed the court in said information that on the 12th day of July, 1899, the defendant was convicted in the district court (Fourth judicial district) in the county of Hennepin, Minnesota, of the crime of burglary and upon said conviction sentenced to imprisonment in the state prison at Stillwater, Minnesota, for the term of five years, which conviction and sentence still remains of record and unreversed; and further informed the court that on the 12th day of July, 1899, the defendant was convicted in the district court (Fourth judicial district) in the county of Hennepin, state of Minnesota, of the crime of burglary and upon said conviction sentenced by said court to imprisonment in the state prison at Stillwater for the term of five years, said term to begin at the expiration of the term of confinement in said state prison to which the defendant theretofore and on said 12th day of July, 1899, had been sentenced, said cause being number 6009 of the files and records of said court, which conviction and sentence still remains of record and unreversed.

The learned counsel for defendant entered a plea in abatement to the effect that no examination had been had for the offense charged against the defendant in the information, the contention being that that part of the information relating to the convictions in Minnesota should have been stated in the complaint before the examining magistrate, and that no examination was ever had for the crime of which defendant was convicted. This contention involves the question as to whether or not the facts stated respecting former convictions in Minnesota are any part of the crime of which the defendant was convicted in the instant case.

In filing an information the district attorney is not confined to the crime stated in the complaint before the examining magistrate, but may file an information setting forth the crime committed according to the facts ascertained on such examination and from the written testimony taken thereon, whether it be the offense charged in the complaint on which the examination was had or not. Sec. 4653, Stats. It is true that in the instant case the defendant waived examination and no testimony was taken. But the statute plainly indicates that the district attorney is not strictly confined to filing an information for the particular offense stated in the complaint before the examining magistrate.

Moreover in the case at bar the information was filed for the crime stated in the complaint before the examining magistrate. The additional facts stated in the information respecting the trials and convictions in Minnesota were not of the substance of the offense charged, but simply affected the degree of punishment to be imposed. *Howard v. State,* 139 Wis. 529, 121 N. W. 133; *Ingalls v. State,* 48 Wis. 647, 4 N. W. 785; sec. 4736, Stats.

Counsel for defendant relies upon *Paetz v. State,* 129 Wis. 174, 107 N. W. 1090. This case, however, is not authority for counsel's contention. There the question arose as to sufficiency of the complaint or information on final trial, not on preliminary examination. While the decision in *Paetz v.*

*State* is correct, this language is used in the opinion: "Prior conviction was an essential element of the offense in a prosecution for a second offense." 129 Wis. 177. This language as laying down a general rule is not strictly correct. Prior conviction is an essential element of the charge in the information in order to secure the punishment provided for in case of a second offense and must be alleged in the information under the statute, sec. 4736, but it is not an essential element of the substantive offense charged. The statute, sec. 4736, provides:

"When any person is convicted of any offense punishable only by imprisonment in the state prison and it is alleged in the indictment or information therefor and proved or admitted on the trial that he had been before sentenced to punishment by imprisonment in any state prison, by any court of this state, or any other state or of the United States, and that such sentence remains of record unreversed, whether pardoned therefor or not, may be punished by imprisonment in the state prison not less than the shortest time fixed for such offense and not more than twenty-five years."

Point is also made by counsel for defendant that the proof made was not sufficient to sustain what he calls the second and third counts of the information, which relate to the convictions in Minnesota; and further contends that the jury should have passed specifically upon each of the so-called counts of the information. The fact is in the instant case there was but one count in the information, but one offense. The matter relating to the former convictions merely affected the severity of punishment and was not a part of the substantive offense with which the defendant was charged. The evidence was sufficient to prove all the allegations of the information and warrant conviction.

*By the Court.*—The writ of error is dismissed, and the judgment and conviction affirmed.