## Frederick Walter SCHROEDER, Plaintiff in error-Petitioner,

### v.

## STATE of Wisconsin, Defendant in error.

Supreme Court

No. 77–386–CR.  Submitted on briefs April 2, 1980.—
Decided May 6, 1980.

(Also reported in 291 N.W.2d 460.)

For the plaintiff in error-petitioner the cause was submitted on the brief of *Richard L. Cates,* state public defender, and *Mark Lukoff,* first assistant state public defender, and a supplemental brief by *Frederick Walter Schroeder, pro se.*

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

BEILFUSS, C. J. This case raises the legal question of whether one can be guilty, as a party to the crime, of armed robbery with concealed identity when he himself was not masked during the commission of the offense.[1]

The basic facts out of which this question arises are that on June 19, 1976, plaintiff in error Frederick Walter Schroeder (hereinafter defendant) entered the C. R. Joynt Tavern in the city of South Milwaukee, sat down at the bar and ordered a beer. A short time later a man wearing a mask and carrying a gun entered the tavern. At this point defendant also pulled out a gun and the two men demanded and received money from the tavern cash register and the persons of the tavern owner and a customer.

Defendant was later identified in a lineup as the unmasked robber. Each information charged the defendant as a party to the crime of armed robbery and, in

---

[1] Although this court has upheld convictions in other cases for armed and masked robbery where the defendant himself did not wear a mask, it did not address the issue raised here. *See West v. State,* 74 Wis.2d 390, 246 N.W.2d 675 (1976); *Stockwell v. State,* 59 Wis.2d 21, 207 N.W.2d 883 (1973).

the same count, masked concealment, contrary to secs. 943.32(1)(b) and (2), 946.62 and 939.05, Stats. Count one alleged the armed robbery and masked concealment, party to a crime, with respect to the proceeds of the tavern cash register. Count two made the same allegation as to the person of the tavern owner and, count three, as to a customer who was present at the time the men entered.

Six separate verdicts were submitted to the jury[2] and all were returned with findings of guilty. Two verdicts were submitted on each count—one finding the defendant guilty as a party to armed robbery, and the second finding him guilty as a party to masked concealment.

As to the first count, the court imposed a sentence of ten years for the armed robbery and three additional years for masked concealment (reduced by eight months because of pretrial detainment), and sentences of one year on each of the two remaining counts. All sentences were consecutive, making a total sentence of fourteen years and four months.

Postconviction relief was sought pursuant to sec. 974.-06, Stats., and denied. Writs of error were taken to the court of appeals which affirmed the trial court's judgment and order denying postconviction relief, and this court granted defendant's petition for review. We also affirm.

Defendant's principal contention on review is that sec. 946.62, Stats. 1975,[3] the concealed identity statute,

---

[2] Appropriate not guilty verdicts were also submitted.

[3] Sec. 946.62, Stats. 1975, provides:

"946.62 **Concealing identity.** Whoever commits a crime while his usual appearance has been concealed, disguised or altered, with intent to make it less likely that he will be identified with the crime, may in addition to the maximum punishment fixed for such crime, in case of conviction for a misdemeanor be imprisoned not to exceed one year in county jail, and in case of conviction for a felony be imprisoned not to exceed 5 years."

does not define a substantive crime and, therefore, sec. 939.05, Stats.,[4] the party to a crime statute, cannot properly be applied to it. He contends that sec. 946.62 is merely a penalty enhancing provision similar to secs. 161.48 and 939.62, Stats., the habitual criminal and repeater statutes, which, if applicable, authorize prison sentences beyond the maximum term for the substantive offense charged. Because his sentence could not be enhanced as a result of another's habitual criminality, the defendant analogizes that it also cannot be enhanced as a result of another's wearing a mask.

The state argues primarily from legislative history that sec. 946.62 does create a separate and distinct crime to which a person who does not conceal his own identity may nevertheless be a party. It concedes that, as originally enacted, the statute did not define a distinct crime, but served only to enhance the penalty that could be imposed for crimes committed by a defendant while his identity was concealed.[5] However, it contends that a subsequent draft of this section proposed in the 1953 re-

---

[4] "939.05 **Parties to crime.** (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act."

[5] As originally enacted, the concealed identity section provided:

"**Masking aggravates crime. Section 4738t.** When any person is convicted or pleads guilty to the charge of having committed a breach of the peace, misdemeanor or felony and it is alleged in the indictment, information or complaint and proved or admitted on the trial, or ascertained by the court after conviction, that he committed the offense while his face was covered with a mask or other device so as to conceal his identity, such person may in addition to the maximum punishment fixed for such offense, in case of conviction of breach of the peace or misdemeanor, be imprisoned not to exceed one year in the county jail, and in case of felony not to exceed five years in the state prison."

vision of the Criminal Code[6] and the amended form now in effect[7] evidence an intent on the part of the legislature to make concealing one's identity during the commission of a crime a separate and independent offense.

Like the court of appeals, we find the legislative history of sec. 946.62, Stats. 1975, and its predecessors "ambiguous and inconclusive." The 1953 proposed draft on which the state relies as evidence of the legislature's intent was never passed by that body. For this reason it is not an appropriate source from which to infer the intent suggested by the state. Further, while the amended form of sec. 946.62 may define concealing identity as a separate and independent crime, it did not become effective until June 1, 1978, and is therefore inapplicable to this case.

In *Haldane v. State,* 85 Wis.2d 182, 270 N.W.2d 75 (1978), we discussed this same question in the context of a double jeopardy claim. The defendant in that case contended that his conviction and sentence for armed robbery under sec. 943.32(1)(b) and (2) and also for

[6] The draft proposed in the 1953 revision of the Criminal Code read as follows:

"**Concealing identity.** Whoever, by artifical means, conceals, disguises or alters his usual appearance with intent to make it less likely that he will be identified with a crime he plans to commit or apprehended for a crime he has committed may be imprisoned for any term not exceeding the maximum fixed for the principal crime, except that in no case shall the term of imprisonment imposed under this section exceed 5 years." "Judiciary Committee Report on the Criminal Code," *Wisconsin Legislative Council Report,* vol. V, p. 197 (February 1953).

[7] Sec. 946.62, Stats. 1977, provides:

"**946.62 Concealing identity.** Whoever commits a crime while his or her usual appearance has been concealed, disguised or altered,. with intent to make it less likely that he or she will be identified with the crime, in addition to the maximum punishment fixed for such crime, in case of conviction for a misdemeanor is guilty of a Class E felony, and in case of conviction for a felony is guilty of a Class D felony."

committing a crime while his identity was concealed under sec. 946.62 subjected him to double jeopardy. He argued that under the "same evidence" test articulated by the United States Supreme Court in *Brown v. Ohio,* 432 U.S. 161, 166 (1977), and codified by Wisconsin in sec. 939.71, Stats.,[8] a prosecution for both crimes was multiplicitous and therefore in violation of the constitutional and statutory prohibitions against double jeopardy.

We rejected this contention stating that defendant's conviction under secs. 943.32 and 946.62 was a conviction not of two crimes, but only the one crime of armed robbery with concealed identity. We described the operation of sec. 946.62 as follows:

". . . While sec. 946.62 on concealment of identity is a separate statute, its application merely makes it an aggravating factor of the underlying crime. In the case at bar, the court submitted three possible verdicts: one was guilty of armed robbery, the second was guilty of armed robbery while identity was concealed and the third form of verdict was not guilty. The court made it very clear in its instructions that in order to find the defendant guilty of armed robbery while identity was concealed, the jury must first find the defendant guilty of armed robbery. It stands in the same relation to robbery as the difference between armed robbery and robbery. Armed robbery is an aggravated form of robbery; armed robbery while identity is concealed is an aggravated form of armed robbery. The legislature could have provided extra punishment for each and every crime in the statutes by adding a concealment of identity subsec-

[8] "939.71 **Limitation on the number of convictions.** If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require."

tion to every section of the criminal code. However, the legislature followed the very logical path of making concealment an aggravation of any crime by enacting sec. 946.62. There is no offense to the double jeopardy clause of the constitution in either the statutory structure or the manner in which it was applied in this case." *Haldane v. State, supra,* 85 Wis.2d at 196–97.

It is clear from our decision in *Haldane* that sec. 946.62, Stats. 1975, does not create a separate and independent substantive offense.

However, it does not follow from this conclusion that one cannot be criminally liable under sec. 946.62 as a party to the crime, even though his own identity was not concealed. What the defendant seems to overlook is that, while sec. 946.62, Stats. 1975, does not create a substantive offense by itself, it does create a substantive offense when charged in conjunction with an underlying crime. Thus, as we said in *Haldane,* a conviction for violating secs. 943.32(1)(b) and (2) and 946.62 is not a conviction of two separate crimes but only the one crime of armed and masked robbery. It is this offense which the defendant in this case was found to have committed as a party to a crime. The fact that two verdicts of guilty were returned for each count does not mean the defendant was convicted of two crimes for each occurrence. The second verdict as to each count only found an additional aggravating factor.

The real question then is not whether sec. 946.62 defines a substantive offense independent of the underlying crime, but whether sec. 939.05, the general party-to-a-crime statute, can properly be applied to the aggravated form of the underlying crime which is created by application of sec. 946.62.

In *State v. Tronca,* 84 Wis.2d 68, 84, 267 N.W.2d 216 (1978), we said the general rule is that the party-to-a-crime statute is applicable unless legislative intention

to the contrary is either explicit or implicit in the statute defining the underlying crime charged. Even where one is totally incapable of committing the substantive crime charged, we said, he may nevertheless be subject to criminal liability as a party to that crime under sec. 939.05, unless such result is either explicitly or implicitly forbidden. Thus, we upheld in that case a defendant's conviction as a party to the crime of misconduct in public office contrary to secs. 946.12(3) and 939.05, Stats., even though he himself was not a public officer and would therefore have been unable to commit the substantive offense directly.

With respect to concealing identity, we find no legislative intent either explicit or implicit in sec. 946.62, Stats. 1975, to preclude application of sec. 939.05. There is nothing inherent in the aggravating factor of wearing a mask during the commission of a crime which would require an exception to the general rule that one concerned in the commission of a crime is criminally liable for the substantive crime committed by another.[9] ■

As an unmasked accomplice to an armed and masked robbery, the defendant stands in no different position than an unarmed accomplice to an armed robbery.[10] Both are fully liable for the aggravated form of the crime committed, even though they did not personally introduce the aggravating factor. This is true whether

[9] State v. Charbarneau, 82 Wis.2d 644, 648, 264 N.W.2d 227 (1978); Mentek v. State, 71 Wis.2d 799, 805, 238 N.W.2d 752 (1976); Bautista v. State, 53 Wis.2d 218, 223, 191 N.W.2d 725 (1971); State v. Nutley, 24 Wis.2d 527, 554–555, 129 N.W.2d 155 (1964), cert. denied, 380 U.S. 918 (1965).

[10] See Nicholas v. State, 49 Wis.2d 683, 692, 183 N.W.2d 11 (1971); and Carter v. State, 27 Wis.2d 451, 454–455, 134 N.W.2d 444, 136 N.W.2d 561 (1965), cert. denied, 383 U.S. 948 (1966), wherein the court upheld convictions of persons as parties to the crime of armed robbery, even though they were not armed during the commission of the offense.

one's role in the offense is limited to simply transporting the perpetrators to and from the place where the crime is to occur,[1] or whether his participation is of a more substantial nature as in this case.

Succinctly stated, the general rule is "what either did both did. . . ." *Curl v. State,* 40 Wis.2d 474, 488, 162 N.W.2d 77 (1965). Applying that rule here, the defendant's conviction must stand.

A second issue raised separately by the defendant in a *pro se* brief filed with the court is whether his trial and conviction was barred by the double jeopardy provision of the state and federal constitutions. Defendant contends that because his first trial was terminated in a mistrial shortly after its commencement, the state was barred from trying him again on the same charges and his conviction which resulted from the second trial must therefore be overturned.

We have reviewed the record of the first trial and find defendant's claim to be without merit.

The record clearly reflects that the mistrial was declared on a motion by the defendant's attorney. As we recently stated in *State v. Jenich,* 94 Wis.2d 74, 92, 288 N.W.2d 114 (1980), the general rule is that where the defendant affirmatively moves for a mistrial and the proceedings are terminated at his request and with his consent, double jeopardy protection is not a bar to reprosecution. Thus, under the general rule, the defendant's claim fails.

Although an exception to the general rule has been recognized where the defendant's motion for a mistrial is based upon judicial or prosecutorial overreaching intended to prompt such a request so as to afford the prosecution a more favorable opportunity to convict,[2] our review of the record reveals no such misconduct.

[1] *Carter v. State, supra.*
[2] *State v. Jenich, supra,* 94 Wis.2d at 92; *State v. Kendall,* 94 Wis.2d 63, 73, 287 N.W.2d 758 (1980).

The defendant's motion was made following a heated exchange with the trial judge in which the trial judge, in the presence of the jury, characterized defense counsel's cross-examination of the state's first witness as "trickery." The exchange occurred when defense counsel, attempting to impeach the witness's identification of the defendant from photographs, handed the witness a group of pictures, some of which had not been used in police showup.

While we do not condone the remarks made by the trial judge in the presence of the jury, we find no evidence that they were intended to prompt a mistrial so as to afford the state a more favorable opportunity to convict. Indeed, because the incident occurred at such an early stage in the trial, there was no apparent need for a second opportunity to prosecute. For this reason we reject defendant's contention that a second trial was barred on double jeopardy grounds.

*By the Court.*—The decision of the court of appeals affirming the judgment and order of the trial court is affirmed.