STATE of Wisconsin, Plaintiff-Respondent,†

v.

Don LEIST, Defendant-Appellant.

Court of Appeals

*No. 86–2320–CR. Submitted on briefs June 22, 1987.—Decided August 5, 1987.*
(Also reported in 414 N.W.2d 45.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donna L. Hintze,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Michael R. Klos,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Don Leist appeals from a judgment of conviction on multiple counts of criminal slander of title, contrary to sec. 943.60(1), Stats., and from an order denying his post-conviction motion for relief. Leist was prosecuted because he filed a series of documents entitled "Declaration of Land Patent" with the Manitowoc County Register of Deeds. Leist argues that the trial court's instruction to the jury that the documents are frivolous as a matter of law improperly relieved the state of its burden of proof and improperly directed a verdict against him on the element of frivolousness. This, Leist contends, denied him his right to a jury trial. We agree and therefore reverse and remand.

Leist's argument requires us to determine whether "frivolousness" is an element of sec. 943.60(1), Stats. On questions of statutory construction, the initial inquiry is to the plain meaning of the statute. *State Historical Soc'y v. Village of Maple Bluff,* 112 Wis. 2d 246, 252, 332 N.W.2d 792, 795 (1983). Where a statute is unambiguous, the words of the statute must be given their obvious and ordinary meaning. *Id.* at 252–53, 332 N.W.2d at 795.

Leist argues that the plain meaning of sec. 943.60(1), Stats.,[1] shows that criminal slander of title contains three essential elements: (1) that a person intentionally submits a document relating to title in real or personal property for filing, docketing, or

---

[1]Section 943.60(1), Stats., provides:

Any person who submits for filing, docketing or recording any lien, claim or lien, lis pendens, writ or attachment or any other instrument relating to title in real or personal property, knowing the contents or any part of the contents to be false, sham or frivolous, is guilty of a Class E felony.

recording; (2) that the contents of the document in whole or in part are false, sham or frivolous; and (3) that the person knows at the time of filing that the contents of the document in whole or in part are false, sham or frivolous.

There is no dispute over what Leist claims to be the first and third elements. The state contends, however, that the second element is not an element at all but is actually a question of law which does not need to be submitted to the jury. The state reasons that elements are, by necessity, facts which must be proven by extrinsic evidence. The state concludes that whether a document is frivolous does not lend itself to extrinsic evidence. Thus, whether a document is frivolous is a matter of law.

We agree that it is within the province of a trial court to *define* an element for the jury's enlightenment.[2] In fact, the trial court here did just that when it defined a frivolous document as one "without legal significance." It is not within the province of the trial court, however, to determine as a matter of law that certain facts before the jury fit within the given definition. In that situation, the trial court is applying the facts to the law, thus invading the province of the

[2]Examples are *State v. Christensen,* 100 Wis. 2d 507, 302 N.W.2d 448 (1981); *State v. Phillips,* 99 Wis. 2d 46, 298 N.W.2d 239 (Ct. App. 1980); and *State v. Schwarze,* 120 Wis. 2d 453, 355 N.W.2d 842 (Ct. App. 1984). In each case, a statutory word or element was defined and interpreted. *Christensen* at 510, 302 N.W.2d at 450; *Phillips* at 49–50, 298 N.W.2d at 241; *Schwarze* at 455–57, 355 N.W.2d at 843. Application of a statute to a particular set of facts is a question of law. *Kania v. Airborne Freight Corp.,* 99 Wis. 2d 746, 758, 300 N.W.2d 63, 68 (1981).

jury. *See United States v. Goetz,* 746 F.2d 705, 708 (11th Cir. 1984).

Here, Leist submitted a series of documents entitled "Declaration of Land Patent" to the register of deeds for filing. That is a historical fact. Whether these documents, or any other document for that matter, have any legal significance necessitates the process of *operatively applying* the historical fact to the law. The existence of a document is not decisive in and of itself; rather, it must be determined whether it is a document with legal significance by evidence adduced at trial.

There was evidence to support the state's contention that Leist's documents had no legal significance. A professor from Marquette University Law School so testified. A jury could have found, based on the evidence, that the documents were frivolous as a matter of fact by applying the historical facts to the given definition. However, the trial court did not let the jury make this determination.

In *United States v. Goetz,* 746 F.2d 705, the eleventh circuit stated:

> [N]o fact, not even an undisputed fact, may be determined by the Judge. The plea of not guilty puts all in issue, even the most patent truth. In our ... system, the Trial Court may never instruct a verdict either in whole or in part.

*Id.* at 708 (quoting *Roe v. United States,* 287 F.2d 435, 440 (5th Cir.), *cert. denied,* 368 U.S. 824 (1961)).

We acknowledge that it may be overwhelmingly clear that Leist's documents are frivolous, yet there may be documents submitted for filing in future cases whose legal significance is at least debatable. We hold that the unambiguous intent of the legislature was to

place upon the government the responsibility of convincing the jury that a document is without legal significance. That responsibility does not lie with the trial court. In *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 572–73 (1977), the Court reasoned:

> [The jury's] overriding responsibility is to stand between the accused and a potentially arbitrary or abusive Government that is in command of the criminal sanction. For this reason, a trial judge is prohibited from entering a judgment of conviction or directing a jury to come forward with such a verdict, see Sparf & Hansen v. United States, 156 US 51, 105, 39 L Ed 343, 15 S Ct 273 (1895); Carpenters v. United States, 330 US 395, 408, 91 L Ed 973, 67 S Ct 775 (1947), regardless of how overwhelmingly the evidence may point in that direction.

While the trial court here had wide discretion in issuing jury instructions based on the facts and circumstances of the case, *State v. Vick,* 104 Wis. 2d 678, 690, 312 N.W.2d 489, 495 (1981), it exercised its discretion based upon an erroneous view of the law. The limits of discretion were therefore abused. *State v. Hutnik,* 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968). The ultimate error is that the wrong entity judged the defendant guilty. *Rose v. Clark,* 106 S. Ct. 3101, 3106 (1986). Errors of this type can never be considered harmless. *Id.* As a result, we reverse and remand for a new trial.

We also reach Leist's contention that the evidence presented at his preliminary hearing was insufficient to show probable cause that he knew the "Declarations of Land Patent" were frivolous. The state argues that probable cause was satisfied because under one

reasonable view of the evidence there exists a plausible account of the crime. We agree.

Where the facts are undisputed, we treat probable cause for a bindover determination as a question of law. *State v. Williams,* 104 Wis. 2d 15, 21–22, 310 N.W.2d 601, 604–05 (1981). A defendant may be bound over for trial when the evidence presented at the preliminary hearing is sufficient to support a reasonable inference that the defendant probably committed a felony. *State v. Dunn,* 121 Wis. 2d 389, 397–98, 359 N.W.2d 151, 155 (1984). All that is needed is a believable or plausible account of the defendant's commission of a felony. *Id.* at 398, 359 N.W.2d at 155.

After reviewing the record, we conclude that the portion of the trial court's order dealing with the sufficiency of evidence at the preliminary hearing should be affirmed. The evidence presented at the preliminary hearing shows that on December 6 and 12, 1984, Leist filed a series of documents entitled "Declaration of Land Patent" with the Manitowoc County Register of Deeds. As Leist presented the documents for filing, he added to them the words "Drafted by Don Leist." When the register of deeds asked Leist what benefit he expected to gain from filing the documents, Leist did not respond but instead stated, "Well, I just want them filed."

It is reasonable to infer, as the trial court did, that as drafter and presenter of the documents, Leist must have had some knowledge of their effect. Leist's insistence that the documents be filed despite the register of deeds' inquiry into the documents' value supports the plausible inference that Leist knew the documents were frivolous.

Although, as the trial court pointed out, other inferences are possible and although the evidence may not be enough to convict beyond a reasonable doubt, the preliminary hearing is not the proper forum to choose between conflicting inferences. *Id.* Therefore, we hold that there is a plausible account of Leist's knowledge of the documents' frivolousness and that probable cause for purposes of the preliminary hearing was satisfied.[3]

*By the Court.*—Order affirmed in part, reversed in part; judgment reversed and cause remanded for a new trial.

---

[3]Because we find this and the preceding issue dispositive of the case, we do not reach Leist's argument that he was denied his right to counsel.