STATE of Wisconsin, Plaintiff-Respondent,

v.

Pamela J. VILLARREAL, Defendant-Appellant.

Court of Appeals

*No. 89-0029-CR. Submitted on briefs October 4, 1989.—Decided November 22, 1989.*

(Also reported in 450 N.W.2d 519.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Glenn L. Cushing,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *James M. Freimuth,* assistant attorney general.

Before Brown, P.J., Scott and Nettesheim, JJ.

NETTESHEIM, J. Pamela J. Villarreal appeals from a judgment of conviction for second-degree murder by use of a dangerous weapon and from an order denying postconviction relief. The sole issue is whether an express personal waiver of the right to a jury trial was required when Villarreal, in the midst of a jury trial, elected through counsel to remove the dangerous weapon element from jury consideration and have the element determined by the trial court. Because use of a dangerous weapon is an element of the offense for which Villarreal stands convicted, we conclude that, absent an express personal jury waiver by Villarreal, the trial court's determination of that element violated Villarreal's right to a jury trial. We reverse and remand with directions to enter a judgment of conviction for second-degree murder only and to impose that portion of the original sentence which the trial court attributed to the second-degree murder—twenty years imprisonment.

Villarreal was charged with the first-degree murder of her former husband by use of a dangerous weapon. She demanded and received a jury trial. On the fourth day of trial, at the jury instruction conference, Villarreal's counsel agreed that there was no dispute that Villarreal used a dangerous weapon. The district attorney and Villarreal's counsel therefore stipulated that the question regarding the dangerous weapon element would not be submitted to the jury and that, if the jury convicted Villarreal of either first- or second-degree murder, the trial court could then determine the dangerous weapon issue. No personal waiver of her right to a jury determination on this element was taken from Villarreal.

The jury found Villarreal guilty of second-degree murder, contrary to sec. 940.02, Stats. (1985–86). Based upon the stipulation at the jury instruction conference, the trial court then made the finding that Villarreal used a dangerous weapon, contrary to sec. 939.63, Stats., in the commission of the underlying homicide. The court sentenced Villarreal to the maximum prison term of twenty-five years, which included a five-year enhancement for the use of a dangerous weapon. Villarreal moved the trial court for postconviction relief, requesting vacation of that portion of the judgment convicting and sentencing her for use of a dangerous weapon. The trial court denied the motion. Villarreal appeals.

Villarreal claims that the trial court erred when it permitted her counsel to waive a jury trial on the dangerous weapon element without obtaining a personal waiver from her. The state contends that the dangerous weapon element is "nonessential" to the substantive offense and thus a jury determination of that element was not required. Alternatively, the state argues that, even if a jury waiver was required, Villarreal effectively received a jury determination on the dangerous weapon element.

Thus, the state reasons that the trial court's further determination of the element is mere surplusage and harmless error. We reject the state's arguments.

We certified this appeal to the supreme court, believing these determinations to be beyond the error-correcting and limited law-declaring functions of this court, *see State ex rel. Swan v. Elections Bd.,* 133 Wis. 2d 87, 108, 394 N.W.2d 732, 741 (1986) (Abrahamson, J., *dissenting); State v. Grawien,* 123 Wis. 2d 428, 432, 367 N.W.2d 816, 818 (Ct. App. 1985), and more properly within the institutional function of our supreme court, *see Swan,* 133 Wis. 2d at 93–94, 394 N.W.2d at 735. Certification, however, was refused by order dated September 13, 1989 (Abrahamson, J., *dissenting).*

The right to a jury trial is a personal and fundamental constitutional right and thus cannot be waived unless the defendant, personally on the record, makes a voluntary, knowing and intelligent waiver. *State v. Albright,* 96 Wis. 2d 122, 130–31, 291 N.W.2d 487, 490–91, *cert. denied,* 449 U.S. 957 (1980). Furthermore, a defendant has the right to a jury determination on every element of the crime charged. *See State v. Leist,* 141 Wis. 2d 34, 38, 414 N.W.2d 45, 47 (Ct. App. 1987).

Villarreal was charged with first-degree murder by use of a dangerous weapon. The state, while conceding that use of a dangerous weapon is an element of the offense with which Villarreal was charged, *see State v. Carrington,* 130 Wis. 2d 212, 222, 386 N.W.2d 512, 516 (Ct. App.), *rev'd on other grounds,* 134 Wis. 2d 260, 397 N.W.2d 484 (1986), nonetheless contends that it is a "nonessential" element which does not require jury determination.

We turn first to the state's contention that the law recognizes "nonessential" elements of substantive

crimes. The state relies, in part, upon *State v. McAllister*, 107 Wis. 2d 532, 319 N.W.2d 865 (1982), where the supreme court stated that "proof of all *essential* elements must be tendered to the jury." *Id.* at 533, 319 N.W.2d at 866 (emphasis added). From this language the state infers that there exist "nonessential" elements of crimes which do not require jury determination.

In *McAllister,* the defendant was charged with operating a motor vehicle while intoxicated (OWI)—third offense. *Id.* at 533, 319 N.W.2d at 866. The supreme court held that a repeater allegation which increases the penalty for a particular crime, but does not change the nature of the crime, is not an essential element of the substantive offense charged. *Id.* at 537, 319 N.W.2d at 868. The court stated that the allegations of prior convictions did not change the nature of the OWI charge and were relevant only to sentencing. *Id.* at 537–38, 319 N.W.2d at 868. Therefore, the court concluded that such allegations were not elements of the charged offense, but rather were penalty enhancers which did not require jury determination. *Id.* at 538–39, 319 N.W.2d at 868–69.

Contrary to the state's position, we do not read the supreme court's language in *McAllister* as recognizing a category of "nonessential" elements to substantive crimes. Rather, the *McAllister* "essential element" language pertains to the question of whether the allegations of the complaint or information are sufficient to sustain the *punishment* imposed—not to sustain the *conviction:*

> Prior conviction is an essential element of the charge in the information in order to secure the punishment provided for in case of a second offense and must be alleged in the information under the statute . . . but it is not an essential element of the substantive offense charged.

*Id.* at 537, 319 N.W.2d at 868 (quoting *Dahlgren v. State,* 163 Wis. 141, 144, 157 N.W. 531, 532 (1916)).

The rationale for holding that a repeater allegation is not an element of the substantive offense is reflected by the following from *McAllister:*

> There is no presumption of innocence accruing to the defendant regarding the previous conviction or convictions; such convictions have already been determined in the justice system and the defendant was protected by his rights in those actions.

*Id.* at 539, 319 N.W.2d at 869. The same confidence cannot be accorded allegations which have not been the subject of prior proceedings and judicial determinations. Thus, the *McAllister* language is properly limited to the situation before the *McAllister* court—a repeater allegation bearing upon sentencing and not upon the nature of the crime charged. In the case at bar, Villarreal was charged with using a dangerous weapon in the murder of her husband. The facts surrounding this allegation have not been the subject of any prior litigation or judicial determination.

Therefore, we disagree with the state's premise that *McAllister* recognizes "nonessential" elements of criminal offenses. Rather, *McAllister* simply acknowledges that certain matters alleged in a criminal complaint or information are not essential to an effective statement of the crime charged or the conviction sought because such allegations do not change the nature of the offense. *Dahlgren,* 163 Wis. at 144, 157 N.W. at 532. *McAllister* holds that only such matters need not be submitted to the jury.

As we previously concluded in *Carrington,* "[s]ec.939.63 [, Stats.,] is indeed a penalty enhancer, but

unlike the 'repeater' statute, sec. 939.62, Stats., it requires the establishment of a separate fact . . . as well as the elements of the underlying offense." *Carrington,* 130 Wis. 2d at 220–21, 386 N.W.2d at 516. Unlike the repeater allegations in *McAllister,* an allegation of use of a dangerous weapon changes the nature of the underlying crime. *See id.* at 221, 386 N.W.2d at 516. Thus, use of a dangerous weapon is not only a penalty enhancer. *Id.* at 222, 386 N.W.2d at 516. It is also an element of the crime charged. *Id.* [1]

We see an allegation of use of a dangerous weapon as akin to that of concealing identity. *Id.* at 221, 386 N.W.2d at 516. Concealing identity does not create a substantive offense by itself. *See Schroeder v. State,* 96 Wis. 2d 1, 6–7, 291 N.W.2d 460, 463 (1980). However, it does create a substantive offense when charged in conjunction with an underlying crime. *See id.* So also here. Use of a dangerous weapon, standing alone, does not create a substantive offense. However, it does create a substantive offense when charged in conjunction with first-degree murder or when recited as a conviction in conjunction with second-degree murder. Use of a dangerous weapon thus becomes an element necessary to sus-

---

[1] The state extensively argues that use of a dangerous weapon element is not an essential element of the first-degree murder offense submitted to the jury in this case. While true, this begs the question because Villarreal was not charged with first-degree murder; she was charged with first-degree murder *by use of a dangerous weapon.* By its inclusion in the information, use of a dangerous weapon became an element of the crime charged, *State v. Carrington,* 130 Wis. 2d 212, 222, 386 N.W.2d 512, 516 (Ct. App.), *rev'd on other grounds,* 134 Wis. 2d 260, 397 N.W.2d 484 (1986), as well as that of the lesser included offense of which Villarreal stands convicted.

tain a conviction for the offense of second-degree murder by use of a dangerous weapon. As such, Villarreal had the right to a jury determination of this element.

The state also cites to the Wisconsin Criminal Jury Instructions Committee Notes which suggest that the dangerous weapon issue could be submitted to the jury in the form of a special verdict, or that the parties could agree to have the finding made by the trial court if the jury returns a guilty verdict on the underlying crime. Comment, Wis J I—Criminal 990. The state argues that if the dangerous weapon element is an essential element of the crime charged, then only one verdict would be necessary and use of the special verdict format would be improper. We disagree with the state's reasoning. While a single verdict encompassing all elements of homicide by use of a dangerous weapon could be submitted to the jury, separating out the dangerous weapon element does not mean that the element is somehow rendered "nonessential" to the crime charged or the conviction sought. The procedure suggested by the committee merely provides a convenient and efficient means of determining whether the accused has committed only the underlying crime or the greater crime with the added element. In short, the form of the verdict does not control whether an element must be submitted to the jury.

The state also notes that the Criminal Jury Instructions Committee suggests that submission of the dangerous weapon element to the trial court rather than the jury can be proper. We have no disagreement with this suggestion. Just as the parties to a criminal action may waive a jury trial, we see no reason why they should not be permitted to waive a jury trial as to a portion of the action. We point out, however, that the committee does not recite that a jury waiver is *not* required if such a procedure is to be utilized. Even if it were the position of

the committee that a jury waiver is not required, the recommendations of the committee are persuasive, not binding, authority to us. *State v. Gavigan,* 122 Wis. 2d 389, 393, 362 N.W.2d 162, 164 (Ct. App. 1984).

The state further argues that since Villarreal is not challenging the validity of the conviction for second-degree murder, her position implicitly lends credence to the state's argument that the dangerous weapon element is not an essential element of the underlying offense. The state misses the point. Villarreal's argument is *not* that use of a dangerous weapon is an essential element of second-degree murder. Rather, it is that the dangerous weapon element is essential to the charge of second-degree murder *by use of a dangerous weapon*—the offense of which Villarreal stands convicted.

In addition, the fact that the second-degree murder conviction could stand in the face of a reversal on the dangerous weapon element is not fatal to Villarreal's argument. As just noted, use of a dangerous weapon is an element only of the charge of second-degree murder by use of a dangerous weapon—not second-degree murder standing alone.

Alternatively, the state argues that if error occurred, it was harmless. The state relies on cases in which the United States and Wisconsin Supreme Courts have applied the harmless error rule to jury instruction error. *See Rose v. Clark,* 478 U.S. 570, 579–80 (1986); *see also Lunde v. State,* 85 Wis. 2d 80, 88–90, 270 N.W.2d 180, 184–85 (1978). This case, however, does not present any claim of instructional error. Instead, Villarreal argues that the wrong fact-finding entity adjudicated her guilt. Such error is not subject to the harmless error rule. *Leist,* 141 Wis. 2d at 39, 414 N.W.2d at 47; *see also Clark,* 478 U.S. at 578.

The state also contends that the evidence on the question of use of a dangerous weapon was not in dispute and therefore the jury's conviction of Villarreal of second-degree murder constitutes an implicit finding that a dangerous weapon was used. A defendant has a constitutional right to a jury trial on every element of the crime charged. That right can be waived only by the defendant personally, on the record. *See Leist,* 141 Wis. 2d at 38, 414 N.W.2d at 47, and *Albright,* 96 Wis. 2d at 130–31, 291 N.W.2d at 490–91. We have already concluded that use of a dangerous weapon is an element of the crime charged in this case. Villarreal did not personally waive her right to a jury determination of this issue. We know of no law which permits a judge rather than a duly demanded jury to decide an element of an offense, no matter how overwhelming the evidence or obvious the likely result if the question had been submitted to the proper entity. The trial court's role as fact finder on the dangerous weapon element was error.

Based upon the verdicts submitted to it, the jury has duly found Villarreal guilty of second-degree murder. We therefore reverse the order denying Villarreal's postconviction motion and the judgment convicting her of second-degree murder by use of a dangerous weapon. We remand this case to the trial court with directions to enter a judgment of conviction against Villarreal for second-degree murder only. *See Dickenson v. State,* 75 Wis. 2d 47, 51–52, 248 N.W.2d 447, 449–50 (1977). Since the trial court has already allocated twenty years of the twenty-five year sentence for the second-degree murder portion of the greater offense, we also direct, upon remand, that the judgment impose a twenty-year sentence.[2]

---

[2] Villarreal does not seek resentencing if we conclude that a reversal is warranted.

*By the Court.*—Judgment and order reversed and cause remanded with directions.