154 Wis.2d 298 (1990)
453 N.W.2d 494
IN the INTEREST OF C.G., a child under the age of eighteen years: C.G., Petitioner-Appellant,[]
v.
STATE of Wisconsin, Respondent.
No. 89-1300.
Court of Appeals of Wisconsin.
Submitted on briefs December 5, 1989.
Decided January 4, 1990.
*300 For the petitioner-appellant the cause was submitted on the briefs of Mark Lukoff, deputy state public defender.
For the respondent the cause was submitted on the briefs of Donald J. Hanaway, attorney general, and Sally L. Wellman, assistant attorney general.
Before Moser, P.J., Sullivan and Fine, JJ.
FINE, J.
C.G. appeals from a dispositional order and supplemental dispositional order transferring her legal custody to the State Department of Health and Social Services, Division of Corrections, and her placement at the Lincoln Hills School in Irma, Wisconsin. The orders were entered following the trial court's finding, on her admission, that C.G. violated sec. 941.22, Stats. (1985-86), which made it a Class A misdemeanor for a minor to go "armed with a pistol."[1] C.G. also *301 appeals from the trial court's denial of her motion for post-dispositional relief.
C.G. raises one issue on appeal. She argues that since a juvenile's custody may not be transferred to the Department of Health and Social Services, Division of Corrections, unless the juvenile has committed an act that, "if committed by an adult would be punishable by a sentence of 6 months or more," sec. 48.34(4m) (a), Stats.,[2] the trial court's dispositional orders were invalid *302 inasmuch as an adult can not violate a law that makes it a crime for a minor to go "armed with a pistol."[3] We disagree and affirm.
[1]
First, an adult can violate a provision making it unlawful for a child to go armed with a pistol, albeit as party to a crime. See sec. 939.05(1), Stats.[4]Cf. Schroeder v. State, 96 Wis. 2d 1, 8, 291 N.W.2d 460, 463 (1980) (person may be guilty of offense as party to a crime even though he or she "is totally incapable of committing the substantive crime").
[2-4]
Second, C.G.'s technical argument is without merit. Absent a constitutional infirmity, statutes must be construed to give effect to the legislature's intent. See Wellnitz v. Board of Police & Fire Comm'rs, 151 Wis. 2d 306, 309-310, 444 N.W.2d 412, 414 (Ct. App. 1989). Most of the time, of course, legislative intent is revealed by a statute's language. See State v. Burkman, 96 Wis. 2d 630, 638, 292 N.W.2d 641, 645 (1980). There are, however, rare instances when a provision's literal language *303 leads to a result that the legislature clearly did not intend. Under those circumstances, a court must peer behind the language to ascertain actual legislative intent, see id., 96 Wis. 2d at 642, 292 N.W.2d at 647 ("A statute should be construed to avoid an unreasonable or absurd result."), and should examine the whole statute in an attempt to discern that intent. State v. Clausen, 105 Wis. 2d 231, 244, 313 N.W.2d 819, 825 (1982). Significantly, even penal statutes, which "are to be strictly construed in favor of the accused," should not be given "the narrowest possible construction" if that would contravene the statute's purpose. See id., 105 Wis. 2d at 240, 313 N.W.2d at 823.[5] In short, we fail to fulfill our responsibilities when we ignore unambiguous legislative intent merely because the language chosen to reify that intent is not as staunch as might be wished; it is not enough to say, in Justice Holmes' famous aphorism, "[w]e see what you are driving at, but you have not said it," Johnson v. United States, 163 Fed. 30, 32 (1st Cir. 1908).
[5]
The clear and manifest purpose behind sec. 48.34(4m), Stats., is to permit the transfer of a child's custody to the Division of Corrections if the child has committed acts of sufficient seriousness to be either Class A misdemeanors or felonies. All of the acts proscribed by sec. 941.22(1), Stats. (1985-86), are Class A misdemeanors, and it would make little sense to permit disposition under sec. 48.34(4m) when the juvenile has given a pistol to a minor (an act that can also be done by *304 an adult) but not when the juvenile personally went armed with the weapon, merely because of the truism that, definitionally, an adult is not a minor.
[6]
There is an additional reason why C.G.'s hyper-technical argument fails. If trial and appellate courts were to blindly ignore the clear intent of sec. 48.34(4m)(a), Stats., to permit transfers of custody thereunder for acts constituting Class A misdemeanors or felonies, and hold that the only possible penalties for violation of sec. 941.22(1)'s prohibition against a minor going armed with a pistol is waiver to adult court under sec. 48.18, Stats., or some species of juvenile court supervision, see sec. 48.34, Stats., we would violate the clear legislatively-mandated policy of not subjecting to adult penalty those children who can be treated effectively in a secure juvenile facility.
[7, 8]
A trial court considering a petition for waiver of jurisdiction to adult court must evaluate, among other things, "[t]he adequacy and suitability of facilities, services and procedures available for treatment of the child and protection of the public within the juvenile justice system. . . ." Sec. 48.18(5)(c), Stats. A trial court may not grant a waiver petition unless persuaded "by clear and convincing evidence that it would be contrary to the best interests of the child or of the public to hear the case" in children's court. Sec. 48.18(6), Stats. Inappropriate waiver forced on a trial court because disposition under sec. 48.34(4m), Stats., is prevented would violate the purpose behind secs. 48.18(5)(c) and 48.18(6). It would also disregard the legislature's command that the Children's Code be "liberally construed" to implement its objectives, see sec. 48.01(2), Stats. There is no indication that the legislature intended to prevent disposition *305 under sec. 48.34(4m) for only the Class A misdemeanor at issue here, and thus create a gap in available dispositional alternatives.
[9]
Since violation of sec. 941.22(1), Stats. (1985-86), is a Class A misdemeanor, and since Class A misdemeanors are punishable by potential incarceration exceeding six months, violation of that provision by C.G. subjected her to a dispositional order under sec. 48.34(4m).
By the Court.Orders affirmed.
NOTES
[] Petition to review denied.
[1] Section 941.22(1), Stats. (1985-86), provided:

Any minor who goes armed with a pistol or any person who intentionally sells, loans or gives a pistol to a minor is guilty of a Class A misdemeanor.
"A minor is a person who has not attained the age of 18 years." Sec. 990.01(20), Stats. A person guilty of a Class A misdemeanor is subject to "a fine of not to exceed $10,000 or imprisonment not to exceed 9 months, or both." Sec. 939.51(3)(a), Stats.
Section 941.22(1), Stats. (1985-86), was repealed by 1987 Wis. Act 332 sec. 37, effective July 1, 1989. 1987 Wis. Act 332 sec. 66a. The law on this subject is now found at sec. 948.60(2), Stats. (1987-88), which provides, as material here:
Any child who possesses or goes armed with a dangerous weapon or any person who intentionally sells, loans or gives a dangerous weapon to a child is guilty of a Class A misdemeanor.
"`Child' means a person who has not attained the age of 18 years." Sec. 948.01(1), Stats. (1987-88).
Our analysis of sec. 941.22(1), Stats. (1985-86), is equally applicable to sec. 948.60(2), Stats. (1987-88).
[2] Section 48.34(4m), Stats., provides that a trial court exercising jurisdiction under the Children's Code may:

Transfer legal custody [of a child] to the subunit of the department administering corrections for placement in a secured correctional facility, but only if:
(a) The child has been found to be delinquent for the commission of an act which if committed by an adult would be punishable by a sentence of 6 months or more; and
(b) The child has been found to be a danger to the public and to be in need of restrictive custodial treatment. Effective January 1, 1990, transfer of legal custody under sec. 48.34(4m) is to the Department of Corrections. 1989 Wis. Act 31, secs. 1209 and 3203(23)(a). Section 48.34(4m) was also amended by 1989 Wis. Act 31, secs. 1203, 1209p, and 1212. The amendments, however, are not material to the issues presented by this appeal.
[3] "An adult is a person who has attained the age of 18 years." Sec. 990.01(3), Stats.
[4] Section 939.05(1), Stats., provides:

Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.
[5] Although the Children's Code authorizes dispositional orders that may circumscribe freedom, it is not a penal statute, and "`is not to be administered as a criminal statute.'" In re J.K., 68 Wis. 2d 426, 430-431, 228 N.W.2d 713, 715 (1975) (quoting Winburn v. State, 32 Wis. 2d 152, 158, 145 N.W.2d 178, 180 (1966)).