STATE of Wisconsin, Plaintiff-Respondent,

v.

Sherry SCHWARZE, Defendant-Appellant.†

Court of Appeals

*No. 83–1791–CR. Submitted on briefs March 9, 1984.—*
*Decided August 16, 1984.*
(Also reported in 355 N.W.2d 842.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Mark Lukoff,* first assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Barry Levenson,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. This is an appeal from a judgment of conviction of misconduct in public office, sec. 946.12 (3), Stats.,[1] and an order denying post-conviction motion.

---

[1] Section 946.12, Stats., provides:

Any public officer of public employe who does any of the following is guilty of a Class E felony:

(1) Intentionally fails or refuses to perform a known mandatory, nondiscretionary, ministerial duty of his office or employment within the time or in the manner required by law; or

(2) In his capacity as such officer or employe, does an act which he knows is in excess of his lawful authority or which he knows he is forbidden by law to do in his official capacity; or

(3) Whether by act of commission or omission, in his capacity as such officer or employe exercises a discretionary power in a manner inconsistent with the duties of his office or employment or

Defendant contends that the trial court erred in instructing the jury that she had a duty to disclose shortages of money to her employer. She also contends that if she had that duty, it was not a discretionary power but a mandatory duty, and she should be granted a new trial because the real controversy was not tried. Because we conclude that the existence of a duty is a question of law, and that the real controversy was tried, we affirm.

Defendant was an accounts receivable clerk for the Watertown Unified School District. She received monies from schools which she counted, recorded and deposited. She discovered a shortage of about $10,000 shortly after her brother visited her office. Two weeks later, the brother tacitly admitted to her that he took the money and promised to see what he could do to return it. Defendant did not tell her supervisor about the shortage until eleven weeks after she noticed money was missing, when he confronted her with irregularities in the revenue report.

### Employe Duty a Question of Law

Defendant claims that the existence of an employe's duty to disclose shortages of money to his or her employer is an issue of fact to be decided by the jury. She concludes that the trial court erred in instructing the

---

the rights of others and with intent to obtain a dishonest advantage for himself or another; or

(4) In his capacity as such officer or employe, makes an entry in an account or record book or return, certificate, report or statement which in a material respect he intentionally falsifies; or

(5) Under color of his office or employment, intentionally solicits or accepts for the performance of any service or duty anything of value which he knows is greater or less than is fixed by law.

jury that the duty exists, thereby unconstitutionally directing a verdict of guilty.

"The question of legal duty presents an issue of law . . . ." *Ollerman v. O'Rourke Co., Inc.*, 94 Wis. 2d 17, 28, 288 N.W.2d 95, 100 (1980). "When the trial court rules on a question of law, our review is independent and we are not bound by the trial court's decision." *Johnson v. K-Mart Enterprises, Inc.*, 98 Wis. 2d 533, 539, 297 N.W.2d 74, 77 (Ct. App. 1980). In *Dieringer v. Meyer*, 42 Wis. 311, 313 (1877), the court said: "[I]t is the duty of the servant, not only to give his time and attention to his master's business, but, by all lawful means at his command, to protect and advance his master's interests." The fiduciary relationship between agent and principal "raises a certain duty on the part of the agent to make full disclosure of all facts that have a material bearing on the subject of the agency." *Faultersack v. Clintonville Sales Corp.*, 253 Wis. 432, 435, 34 N.W.2d 682, 683 (1948). We conclude that as a matter of law, an employe has a duty to disclose shortages of money to his or her supervisor. The trial court properly instructed the jury that the duty existed.

### Discretionary Power to Perform Mandatory Duty

Section 946.12, Stats., provides in part:

Any public officer or public employe who does any of the following is guilty of a class E felony:

. . . .

(3) Whether by act of commission or omission, in his capacity as such officer or employe exercises a discretionary power in a manner inconsistent with the duties of his office or employment . . . .

. . . .

Defendant asserts that if she had a duty to report shortages to her employer, her duty was *mandatory,* not

discretionary. The construction of a statute or the application of a statute to a particular set of facts is a question of law. *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758, 300 N.W.2d 63, 68 (1981).

In *State v. Dekker*, 112 Wis. 2d 304, 312, 332 N.W.2d 816, 820 (Ct. App. 1983), we contrasted ministerial and discretionary duties. We said:

We agree with the trial court's analysis that, while rule 4, sec. 67 requires police officers to give first aid in emergency situations that come to their attention, it does not define with sufficient certainty the time, mode or occasion for the use of such first aid so as to eliminate any judgment or discretion from being exercised by police officers.

Defendant had a duty to disclose shortages to her employer, but how she did so was within her discretion. Because defendant's power to determine the manner in which she exercised her duty was discretionary, the jury reasonably could have found beyond a reasonable doubt that her failure to exercise that discretionary power was a violation of sec. 946.12(3), Stats.

## *New Trial*

Defendant requests a new trial pursuant to sec. 752.35, Stats., on the ground that the real controversy in this case has not been tried. She contends that if we conclude that her duty was mandatory, the real issue was not tried because the charge was brought under sec. 946.12(3), Stats., applicable only to *discretionary* powers of public officials.

Because we conclude that the defendant's duty was discretionary and that the trial court correctly instructed the jury that a public employe has a duty to report shortages to his or her employer, the real controversy was tried. Defendant argued at trial that she reported

458

the shortage to the bookkeeper. That argument, if believed by the jury, would have been a defense because defendant would then have properly exercised her discretion. However the bookkeeper denied having been told of the shortage and the jury believed the bookkeeper. The real controversy was tried. We therefore affirm.

*By the Court.*—Judgment and order affirmed.