STATE of Minnesota, Respondent,

v.

James A. FORD, Appellant.

No. CX–85–719.

Court of Appeals of Minnesota.

Nov. 19, 1985.

Review Granted Jan. 31, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R. Kathleen Morris, Scott Co. Atty., Mary Yunker, Asst. Co. Atty., Shakopee, for respondent.

Phillip Gainsley, Minneapolis, for appellant.

Heard, considered, and decided by HUSPENI, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Appellant, James A. Ford, appeals from an order denying his motion to dismiss the charges, from a judgment of conviction entered on April 10, 1985, and from an order denying his motion to withdraw his guilty plea to two of twelve charged counts.

Appellant makes two claims. Appellant first claims that the acts alleged in the complaint do not come within the scope of Minn.Stat. § 609.43(2) (1984). Appellant further claims that if the acts do come under § 609.43(2), he should be allowed to withdraw his plea of guilty and stand trial because the State reneged on the plea agreement.

The trial court erred in denying appellant's motion to dismiss. We reverse.

## FACTS

Appellant, assistant vice principal and teacher of history and speech at Shakopee High School, was charged with ten counts of misconduct of a public employee under Minn.Stat. §§ 609.43(2) and 609.43(3), one count of sodomy, and one count of fornication. All counts were based on alleged sexual contact with four Shakopee High female students and former students: J.A.S. (age 17), K.S. (age 16), D.B. (age 17), and J.M. (age 19). The acts occurred between 1980 and 1984.

The State alleges that appellant did such things as allow the young women to violate school rules by smoking on the school grounds, avoid physical education requirements, use his office for personal business after school hours, and leave the school grounds during school hours for unauthorized purposes.

The twelve counts alleged various acts including claims that appellant hugged, kissed, and fondled these students and engaged in consensual oral and vaginal sex with two of them, D.B. and J.A.S.

■ The State alleges that appellant cultivated personal relationships with the students while they were under the age of sixteen, but refrained from making sexual advances until they turned sixteen, the age of consent.[1] It is not disputed that all alleged acts complained of were consensual.

Appellant moved to dismiss claiming that the charged acts did not come within the scope of Minn.Stat. §§ 609.43(2) and 609.-43(3). The court denied his motion but allowed appellant to preserve this claim while the State and appellant negotiated a plea agreement.

The State and appellant negotiated the following plea agreement: appellant pleaded guilty to counts two and six of the complaint alleging misconduct of a public employee (Minn.Stat. § 609.43(2)); he also agreed to fully cooperate with the presentence investigation (P.S.I.), to comply with therapy recommendations, to refrain from making derogatory public statements about the witnesses against him, and to admit a factual basis supporting the plea.

In return, the prosecutor agreed to drop the remaining ten counts, recommend a pre-sentence investigation and psychological examination, and recommend no further incarceration if appellant cooperated fully with the P.S.I. The plea agreement was silent as to who would determine whether or not appellant fully "cooperated" with the P.S.I.

Prior to accepting appellant's guilty plea the court stated to both attorneys that it would not be bound by the State's sentencing recommendation.

The court repeated that it would not be bound by the State's sentencing recommendation in an in-chambers hearing held prior to sentencing. At this in-chambers hearing, in the presence of defense counsel, the prosecutor attempted to withdraw his recommendation that appellant not be incarcerated based on the prosecutor's belief that appellant had not cooperated with the P.S.I.

The court refused to allow the State to withdraw from the plea agreement and made a finding that appellant had cooperated with the P.S.I. The court advised the prosecutor:

Now how you word what you have to say when I ask if you have anything further beyond what you said at the time the bargain was entered into is up to you but the record will show that I am saying you're not going to be allowed to tell me

---

1. Respondent claims the State had to prosecute appellant under 609.43, subds. 2 and 3 because no other criminal statute makes sexual relations with a *consenting* person, legally of age, a crime. We note the existence of Minn.Stat. § 609.344(e) (1984) which provides for criminal penalties when the complainant is at least sixteen but less than eighteen and the actor is more than 48 months older than the complainant, is in a position of authority, and uses that authority to cause the complainant to submit. Under 609.-344(e), neither consent nor mistake as to complainant's age are a defense. Because the State did not pursue such a charge under § 609.-344(e), we do not address it here.

that you're changing your position on that recommendation.

Prior to sentencing, when the judge asked the prosecutor if he had anything further to say, the prosecutor responded "no." When the court asked the same question of the defense attorney, the defense attorney made no reference to the prosecutor's failure to make the bargained for recommendation of no jail time. Defense counsel reiterated his contention that Minn.Stat. §§ 609.43(2) and 609.43(3) were inappropriate statutes under which to charge appellant.

The trial court sentenced appellant to consecutive terms of two years probation on each of the two counts. As a condition of probation, appellant was to serve two consecutive six-month sentences in the Scott County Jail, one for each count.

The prosecutor inadvertently failed to make a motion to drop the remaining ten counts in exchange for appellant's guilty plea to two counts, and the court never did formally dismiss those counts. At oral argument on appeal, the county attorney assured this court that failure to drop the charges was an oversight and that the charges would be dropped at the close of the proceeding. The prosecutor vowed to the court that the State had no intent to pursue the charges further.

On April 16, 1985, the trial court denied appellant's post-sentencing motion to withdraw his guilty plea. At the hearing the court stated its position:

> The record should show that I still take the position that the sentence is up to the Judge, regardless of the plea bargain. I know your position is, "Hey, he (prosecutor) should have gotten up and mouthed the words, say, 'I recommend no further incarceration.'"
>
> The Appellate Court will have the entire background of what went on in this particular case and the position that the State took to the effect that, "Hey, that was a conditional bargain on that point and we don't think he lived up to the condition," and I said I think he did, so I directed the State not to attempt to make

any recommendations of further incarceration, so they were just living by my Order on that. Whether or not the Appellate Court will feel that, despite my ruling back there, he should have gotten up and said, "We will stand by our recommendations," I don't know. That's up to them.

The trial court stayed execution of the jail sentence to allow appellant time to file the appeal and preserved appellant's right to claim that the facts alleged in the complaint did not constitute a crime under §§ 609.43(2) and 609.43(3).

From the judgment of conviction and denial of appellant's motion to withdraw his guilty plea, appellant appeals.

## ISSUES

1. Did the trial court err in denying appellant's motion to dismiss and in ruling that the complaint alleged sufficient probable cause to charge appellant under Minn. Stat. § 609.43(2) and (3)?

2. Did the trial court err in refusing to allow appellant to withdraw his guilty plea based on appellant's claim that the plea bargain had been violated?

## ANALYSIS

### I.

*Probable Cause*

Appellant challenges the trial court's finding of probable cause under Minn.Stat. §§ 609.43(2) and 609.43(3) (1984). Because appellant pleaded guilty only to counts charged under § 609.43(2), we reach neither the issues of probable cause under § 609.43(3) nor the propriety of the counts of sodomy and fornication.

Appellant argues that § 609.43(2) was not intended to prohibit private conduct, such as participation in consensual sexual relationships with persons of the age of consent.

Minn.Stat. § 609.43(2) states:

A public officer or employee who does any of the following, for which no other

sentence is specifically provided by law, may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both:

(2) In his capacity as such officer or employee, does an act which he knows is in excess of his lawful authority or which he knows he is forbidden by law to do in his official capacity.

■ The construction of a statute is a question of law. *See State v. Schwarze*, 120 Wis.2d 453, 457, 355 N.W.2d 842, 843 (1984). Our review of questions of law is independent and we need not defer to the trial court's interpretation of a statute. *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn.1977).

■ A high school vice principal and teacher, as an employee of the state public school system supported by state funds, is a public employee for purposes of § 609.-43(2).

The advisory committee comment to Minn.Stat.Ann. § 609.43 (West 1964) discusses the kinds of misconduct intended to be reached by the statute:

Among the specific acts dealt with * * are bribery, permitting escape of prisoners, accepting unauthorized fees, etc.

In general * * * no attempt has been made to bring very many special provisions within the compass of the general or to expand the number of special situations dealt with separately.

Section 609.43 subjects public employees and officials to criminal sanctions for acts done in an official capacity.

No Minnesota cases construing sexual conduct under Minn.Stat. § 609.43(2) and its application to sexual misconduct could be found.

■ Criminal statutes are to be strictly construed in favor of defendants. *State v. Haas*, 280 Minn. 197, 159 N.W.2d 118, (1968), *U.S. v. Bramblett*, 348 U.S. 503, 509, 75 S.Ct. 504, 508, 99 L.Ed. 594 (1955). All reasonable doubt concerning legislative intent should be resolved in favor of the defendant. *Haas*, 280 Minn. at 200, 159 N.W.2d at 121.

There is a scarcity of case law interpreting 609.43. With one exception, the statute has not been litigated at the appellate level in Minnesota since 1949. That case is *State v. Anderson*, 370 N.W.2d 653 (Minn. Ct.App.1985). Anderson, the mayor of Jordan, Minnesota, was convicted under Minn. Stat. § 609.43(2) of official misconduct for verbally harassing a Jordan family.

This court rejected Anderson's arguments that her speech was protected by the first amendment and that § 609.43(2) is unconstitutionally vague and overbroad. The court found Anderson's acts were done in her official capacity as mayor.

Anderson did not dispute that her acts were done in her official capacity. She argued that her position as mayor of Jordan, as well as the protection of the First Amendment, gave her authority to do certain acts.

Here appellant makes a different claim. He does not claim that in his official capacity as a vice-principal he had the right to make sexual contact with students, but instead claims that the sexual contacts he made, if any, were done in a purely private capacity and were legal because done with persons of the age of consent.

We note that even though we upheld § 609.43(2) against Anderson's attack of unconstitutional vagueness, the statute is not a model of clarity. Section 609.43(2) nowhere defines "acts done in excess of lawful authority," nor does it define what "law" must forbid the act, e.g. civil, criminal, administrative, school internal regulations, etc.

Case law interpreting § 609.43(2) includes the prosecution of officeholders and political appointees for willful neglect of duty. *See State v. Palmersten*, 210 Minn. 476, 299 N.W. 669 (1941). Little precedent exists to guide interpretation of its language as it applies to public employees charged with official misconduct who argue, as appellant does, that the complained of conduct was private, not in express violation of any known law, and not within the legislative intent of § 609.43(2).

A recent Wisconsin case, *State v. Schmit*, 115 Wis.2d 657, 340 N.W.2d 752 (1983), factually similar to this case and interpreting an identically worded Wisconsin statute,[2] is persuasive.

Schmit, a prison guard at Dodge Correctional Institution, was charged with misconduct under Wis.Stat. § 946.43(2) (1984) for engaging in consensual intercourse with a prisoner. In affirming the dismissal of charges, the Wisconsin Supreme Court distinguished between a public employee's official acts and acts done in a purely private capacity:

> Although the meaning of the statute is far from clear, it requires on its face more than a mere violation of the criminal code by a public official. It requires both that the officer *commit* the act in an official capacity, and that the act be one which he is *forbidden by law to do* in an official capacity. We think this dual requirement of the statute evinces a legislative intention to confine the application of the statute to acts committed within the scope of public employment. The purpose of the law appears to be the prevention of the misuse of power entrusted to public officers, rather than the imposition of an additional penalty for conduct which is forbidden to all persons generally when that conduct is committed by a public officer or employee.

*Schmit*, 115 Wis.2d at 660, 340 N.W.2d at 754 (emphasis in original).

■ We agree that for an act to come within the narrow confines of Minnesota's statute, § 609.43(2) three tests must be met. The act must be done by a public officer or employee, the act must be committed while the defendant is acting in his official capacity as a public officer or employee, and either must be forbidden by law or be in excess of his lawful authority.

■ Here, although appellant is a public employee, the mere fact that he was on duty at the time of some of the alleged acts does not alone transform the questioned act into acts done "in his official capacity."

We adopt the distinction between purely private acts and acts done in an official capacity in *United States v. Heliczer*, 373 F.2d 241, 245 (2d Cir.), *cert. den.* 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967):

> "Engaged in * * * performance of official duties" is simply acting within the scope of what the agent is employed to do. The test is whether the agent is acting within that compass or is engaging in a personal frolic of his own.

■ Although the allegations against appellant may be morally reprehensible and offensive, the State has not pointed to any criminal law specifically forbidding school teachers to have sexual contact with students of the age of consent.[3] The State has failed to make the necessary allegations to charge appellant with violating § 609.43(2). We have found nothing in Minnesota statutes or case law indicating a legislative intent to criminalize consensual sexual relations between persons of the age of consent merely because one of the participants happens to be a public employee.

In addition to failing to allege acts forbidden by a law, the State has failed to allege in the complaint that appellant violated any civil law or administrative rule, assuming that "forbidden by law" includes forbidden by administrative rule (and that distinction, as previously noted, is not clear

---

**2.** The material portion of Wis.Stat.Ann. § 946.12 (West 1982) provides:

> Any public officer or public employe who does any of the following is guilty of a Class E felony:
>
>     *     *     *     *     *     *
>
>   (2) In his capacity as such officer or employe, does an act which he knows is in excess of his lawful authority or which he knows he is forbidden by law to do in his official capacity.

**3.** In August the Minnesota State Board of Teaching revoked appellant's licenses to teach history full-time and speech part-time. In September, the Minnesota State Board of Teaching revoked appellant's licenses to act as a principal of a secondary school or superintendent of schools. We do not address any civil ramifications of appellant's actions nor his fitness to teach.

from the statute). Thus, the complaint is facially defective.

We hold that the State did not allege conduct sufficient to charge appellant with violating Minn.Stat. § 609.43(2). Therefore, the trial court erred in not granting appellant's motion to dismiss.

Our rationale is similar to *Schmit:*

> There is no suggestion in the record that the defendant utilized the power of her office in any manner when she had intercourse with the prisoner, or that she committed those acts in any other than a "purely private capacity." There is no suggestion, for instance, that she threatened sanctions or offered benefits within her power as a public officer to bestow or withhold in order to obtain the prisoner's consent to the acts.

*Schmit,* 115 Wis.2d at 662, 340 N.W.2d at 755.

The allegations that appellant turned his head and allowed the students to smoke on school property and leave the school grounds during school hours are not sufficient to show coercion. Students do not need the acquiesence of school officials to get away with breaking regulations like those. Had appellant agreed to or threatened to change a student's grades or write letters to colleges that would result in a student's being deprived of admission or a scholarship in exchange for sex, the result may have been different as these acts could be interpreted as acts performed in an official capacity.

We hold that as a matter of statutory interpretation, the trial court did not have facts presented to it sufficient for the criminal activity under Minn.Stat. 609.43(2).

## II.

*Plea agreement*

Because of our disposition of the statutory interpretation issue, we do not address the claim that the plea bargain was violated.

## DECISION

The trial court erred in finding the State properly alleged criminal activity under Minn.Stat. § 609.43(2).

Reversed.

CRIPPEN, J., specially concurs.

CRIPPEN, Judge (concurring specially).

I believe the panel has correctly analyzed the scope of Minnesota Statutes section 609.43, subdivision 2 and therefore concur in the majority opinion. At this stage of the proceedings, however, I would decide that the trial court erred in denying the defendant's motion to withdraw his plea of guilty.

The defendant and the prosecutor reached a plea agreement. It is apparent that defendant expected under this agreement a recommendation from the prosecutor against further incarceration.

The prosecutor's plea agreement did not call for a formal hypocrisy, the statement of a recommendation and the informal revealing of a different opinion. Once the prosecutor stated to the trial judge an official disavowal of the plea agreement, the agreement was irrevocably withdrawn and wholly void.

The trial court attempted to attribute some significance to the original plea agreement after it was voided by the declarations of the prosecutor. This was an error. The trial court's statements about the agreement could do nothing but mislead the defendant, suggesting to him that the prosecutor's commitment to recommend against incarceration was of some continued significance. The agreement had no continued significance, and the trial court should have said to the defendant that this was the case.

When a plea agreement is set aside by the court, "it shall so advise the parties in open court and then call upon the defendant to either affirm or withdraw his plea." Minn.R.Crim.P. 15.04, subd. 3(1). Here the agreement was set aside by the prosecutor, and the trial court should have used the same approach called for by this rule, not

an approach that could mislead the defendant.

Under these circumstances, the conviction was manifestly unjust. The defendant is entitled to withdraw his plea and to enjoy a trial on any accusations against him. Minn.R.Crim.P. 15.05, subd. 1.