STATE of Wisconsin, Plaintiff-Respondent,

v.

Larry CURTIS, Defendant-Appellant.†

Court of Appeals

*No. 87–1317–CR. Submitted on briefs February 2, 1988.— Decided April 6, 1988.*

(Also reported in 424 N.W.2d 719.)

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, by *Sharon Ruhly,* assistant attorney general, of Madison.

For the defendant-appellant the cause was submitted on the briefs of *Louis B. Butler, Jr.,* assistant state public defender, of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J. Larry Curtis was convicted of second degree sexual assault in violation of sec. 940.225(2)(d), Stats., attempted second degree sexual assault in violation of secs. 940.225(2)(a) and 939.32, Stats., and burglary in violation of sec. 943.10(1)(f), Stats. He appeals from the judgment of conviction and the trial court's order denying his motion to vacate the conviction for second degree sexual assault and burglary. Curtis raises four issues on appeal: (1) whether the trial court directed a verdict against him on the element of unconsciousness as to the second degree sexual assault charge, (2) whether the evidence was insufficient to support a conviction for second degree sexual assault, (3) whether the evidence was insufficient to support a conviction for burglary, and (4) whether the trial court directed a verdict against him on the burglary charge. We conclude that the trial court did not direct a verdict against Curtis on the element of unconsciousness or the charge of burglary and that the evidence was sufficient to support the convictions. We affirm.

The victim, sixteen year old S.L., lived with her mother, her mother's boyfriend, Curtis, and her brother. On November 16, 1985, around 12:00 a.m., S.L. went to sleep. She later awoke and found Curtis' hand under her breast. Curtis was lying on the floor next to her bed. Curtis told S.L. to come over to him. S.L. left and went into her brother's room. S.L. got under the bed covers with her brother and began to cry. Her brother woke up and told her to get out of his bed. He

then asked her what was wrong and she said nothing. When S.L. did not leave, her brother left to sleep on the couch.

Curtis then opened the door of S.L.'s brother's room and told S.L. he wouldn't bother her anymore. S.L. then went back to her room, put her math compass underneath her pillow, and laid down. Curtis then returned and asked S.L. if she was going to tell her mother. S.L. said yes. Curtis then said "he was going to get him some" and attempted to pull off S.L.'s longjohns. A struggle ensued and S.L. stabbed Curtis in the back with the compass. Curtis then left the room. S.L. got dressed, ran downstairs to the neighbors and called the police.

Section 940.225(2)(d), Stats., defines second degree sexual assault as "sexual contact or sexual intercourse with a person who the defendant knows is unconscious." The trial court instructed the jury that "unconscious includes the loss of awareness caused by sleep." Curtis contends that this instruction withdrew the issue of whether S.L. was unconscious at the time of the offense from the jury and directed a verdict against him on the element of unconsciousness.

■

As a preliminary matter, we note that Curtis did not object to the jury instruction. Although such a failure generally constitutes a waiver, the defendant may, on appeal, raise objection to a jury instruction which raises federal or state constitutional questions. *State v. Baldwin,* 101 Wis. 2d 441, 445–46, 304 N.W.2d 742, 746 (1981). Curtis' challenge to the jury instruction goes "directly to the integrity of the fact finding process, and [his] failure to object at trial should not preclude him from raising [it] on appeal." *See id.* at 446, 304 N.W.2d at 746.

"[I]t is within the province of a trial court to *define* an element for the jury's enlightenment. ... It is not within the province of the trial court, however, to determine as a matter of law that certain facts before the jury fit within the given definition. In that situation, the trial court is applying the facts to the law, thus invading the province of the jury." *State v. Leist,* 141 Wis. 2d 34, 37–38, 414 N.W.2d 45, 46–47 (Ct. App. 1987) (footnote omitted).

In the present case, the trial court instructed the jury that "unconscious includes the loss of awareness caused by sleep." Curtis argues that the legal definition of "unconscious" does not include loss of awareness due to sleep, and that by so instructing the jury, the trial court applied the facts of the case to the law, invading the province of the jury.

Section 990.01(1), Stats., provides that "[a]ll words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning."

The common and approved meaning of a word may be established by reference to a recognized dictionary. *B.M. v. State,* 101 Wis. 2d 12, 18, 303 N.W.2d 601, 605 (1981).

Webster's Third New International Dictionary defines "unconscious" as "not knowing or perceiving ... ."

"Sleep" is defined as "the natural usu. regular suspension of consciousness during which the powers of the body are restored ... ."
██

We conclude that "unconscious," as used in sec. 940.225(2)(d), Stats., is a loss of awareness which *may*

be caused by sleep.[1] We also conclude that the trial court properly defined the element of unconsciousness and did not invade the jury's fact-finding function. The question of whether S.L. was in fact "unconscious" remained for the jury's determination.

Curtis also contends that the evidence was insufficient to support a conviction for second degree sexual assault. We disagree.

A verdict will be overturned on appeal when the evidence considered most favorably to the state and the conviction is so insufficient in probative value and force that no trier of fact acting reasonably could be convinced of the defendant's guilt beyond a reasonable doubt. *State v. Lossman,* 118 Wis. 2d 526, 540–41, 348 N.W.2d 159, 166 (1984). "[C]redibility of the witnesses and the weight of the evidence is for the trier of fact." *Id.* at 541, 348 N.W.2d at 166.

Curtis argues that the meaning of the term "unconscious" does not include "sleep" and that as a result there is insufficient evidence to support the conviction. However, as previously discussed, the element of unconsciousness includes the loss of awareness caused by sleep. S.L. testified that she had gone to sleep and that she later awoke and found Curtis' hand under her breast. We conclude that the jury could have reasonably inferred from S.L.'s testimony that she had been "unconscious" at the time of the assault.

Curtis further contends that the evidence was insufficient to support a conviction for burglary. He

---

[1]We note that the Wisconsin Criminal Jury Instructions Committee in Wis J I—Criminal 1214, n. 2, stated that it felt that the common meaning of unconscious included the "loss of awareness caused by intoxication, the taking of drugs or heavy sleep."

argues that he cannot be convicted of burglarizing his own home.

Curtis' argument is based upon common law. At common law, if several people occupied the same dwelling none could commit burglary to the dwelling as it was not the property of another. W. LaFave & A. Scott, *Handbook on Criminal Law,* sec. 96 at 712 (1972).

Although common law rules of criminal law not in conflict with chapters 939 to 948 are preserved, common law crimes have been abolished. Sec. 939.10, Stats. Curtis' argument overlooks the fact that he was convicted of the statutory crime of burglary of a *room.*[2] The issue is whether Curtis had consent to enter S.L.'s room.

■

S.L. testified that on November 16, 1985, as was her custom, she had closed her bedroom door and placed her record player against it because it did not lock. She also testified that Curtis did not have consent to enter her room. S.L.'s mother paid the rent each month. She also testified that Curtis did not have consent to enter S.L.'s room. We conclude that the

---

[2]Sec 943.10, Stats., provides in part:

Burglary. (1)  Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class C felony:

(a)  Any building or dwelling; or

(b)  An enclosed railroad car; or

(c)  An enclosed portion of any ship or vessel; or

(d)  A locked enclosed cargo portion of a truck or trailer; or

(e)  A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or

(f)  *A room within any of the above.* [Emphasis added.]

evidence was sufficient to support a finding that Curtis did not have consent to enter S.L.'s room and that he was guilty of burglary.[3]

Curtis' final contention is that the trial court directed a verdict against him on the charge of burglary.

During preliminary instructions, the trial court read count one and two of the information—second degree sexual assault and attempted second degree sexual assault. Voir dire was then conducted and a jury impaneled. Prior to opening statement, the assistant district attorney advised the court that there were three counts to the information. The third count was burglary. The court then instructed the jury as follows:

> There is a third count, that is burglary. It's the—the State charges that on November 16, 1985 at 2651 North 21st Street, City of Milwaukee, the defendant—State alleges the defendant intentionally entered a room within a dwelling at the above-stated location without the consent of the person in lawful possession and with intent to commit a second degree sexual assault therein.
>
> Such facts, *if true,* would constitute a burglary. Burglary is simply defined as entry into a building, intentional entry into a building without consent of the person in lawful possession and with intent to commit a felony. [Emphasis added.]

The trial court properly instructed the jury as to the elements of burglary, reserving the factual determinations of whether the allegations in the complaint

---

[3]For purposes of this appeal, we do not need to address who had legal possession of the room, S.L. or her mother.

were true for the jury. We find no merit in Curtis' contention.

*By the Court.*—Judgment and order affirmed.