STATE of Wisconsin, Plaintiff-Respondent,

v.

Sherry L. SCHULTZ, Defendant-Appellant.

Court of Appeals

*No. 2006AP2121–CR. Submitted on briefs April 20, 2007.
—Decided November 8, 2007.*

2007 WI App 257

(Also reported in 743 N.W.2d 823.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Stephen L. Morgan* and *Jennifer M. Krueger* of *Murphy Desmond S.C.*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sally L. Wellman*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Higginbotham, P.J., Dykman and Anderson, JJ.

¶ 1. HIGGINBOTHAM, P.J. Sherry Schultz appeals a judgment based on a jury's verdict convicting her of one count of felony Misconduct in Public Office contrary to WIS. STAT. § 946.12(3) (2005–06).[1] Schultz contends that the trial court's jury instruction on Misconduct in Public Office contained mandatory conclusive presumptions on the elements of duty and intent. The State argues that the jury instruction contained

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

601

only permissible definitions of substantive law. We conclude that the jury instruction was erroneous and that the error was not harmless.[2] Accordingly, we reverse and remand for a new trial.

## Background

¶ 2. In 2002, the State charged Sherry Schultz with one count of Misconduct in Public Office. The State alleged that Schultz exercised her discretionary powers as a legislative aide in a manner inconsistent with her duties by participating in campaign fundraising on time compensated by the state and with the intent to obtain a dishonest advantage for Republican political candidates.

¶ 3. We reviewed the complaint against Schultz and her co-defendants, Scott Jensen and Steven Foti, on an interlocutory appeal challenging the constitutionality of WIS. STAT. § 946.12(3). *State v. Jensen (Jensen I)*, 2004 WI App 89, ¶¶ 9–11, 272 Wis. 2d 707, 681 N.W.2d 230. We rejected the assertions that WIS. STAT. § 946.12(3) was unconstitutionally vague and overbroad as applied to them, that the State's definition of legislative duties violated the separation of powers doctrine, and that the factual allegations in the complaint did not establish probable cause. *Id.*, ¶ 2. On review, the supreme court, with four justices sitting,

---

[2] Because we conclude that the court's jury instruction was erroneous under WIS. STAT. § 903.03, we need not reach Schultz's challenge to the jury instruction on constitutional grounds. *See State v. Dyess*, 124 Wis. 2d 525, 533, 370 N.W.2d 222 (1985) (We "need not address a claim of constitutional error if the claim can be resolved on statutory or common law grounds."). We also do not address Schultz's arguments related to her sentence of probation because we reverse and remand for a new trial.

unanimously affirmed as to most issues but was evenly split as to whether the charges violated the principles of Due Process, Fair Notice, and vagueness. *State v. Jensen*, 2005 WI 31, 279 Wis. 2d 220, 694 N.W.2d 56. The court therefore affirmed our opinion as to these matters. *Id.*

¶ 4. The State included the following sentence in its proposed jury instruction for the intent element of Misconduct in Public Office: "The use of a state resource to promote a candidate in a political campaign or to raise money for a candidate, provides to that candidate a dishonest advantage." As to the duty element, the State's proposed jury instruction included the following: "It is a state employee's duty not to direct the use of or use state resources for a political campaign." The court held that the State's proposed jury instruction, based on its reading of our decision in *Jensen I*, correctly stated the law. At the instruction conference, the court also approved the State's recommendation of including the following definition of a legislative aide's duty in the jury instruction, over Schultz's objection: "Political activity includes any of the following: Campaign fundraising, the preparation and maintenance of campaign finance reports, and candidate recruitment."

¶ 5. The jury found Schultz guilty of one count of felony Misconduct in Public Office. Schultz appeals.

*Standard of Review*

¶ 6. The Wisconsin Supreme Court summarized the standard of review of a trial court's decision to accept or reject a particular jury instruction as follows: A trial court has broad discretion in deciding whether to

603

give a particular jury instruction, and the court must exercise its discretion to "fully and fairly inform the jury of the rules of law applicable to the case and to assist the jury in making a reasonable analysis of the evidence." *State v. Coleman*, 206 Wis. 2d 199, 212, 556 N.W.2d 701 (1996) (citation omitted). However, we will independently review whether a jury instruction is appropriate under the specific facts of a given case. *State v. Groth*, 2002 WI App 299, ¶ 8, 258 Wis. 2d 889, 655 N.W.2d 163, *overruled on other grounds by State v. Tiepelman*, 2006 WI 66, ¶ 31, 291 Wis. 2d 179, 717 N.W.2d 1.

## *Discussion*

■

¶ 7. The issue in this case is whether the trial court properly instructed the jury on the elements of Misconduct in Public Office. Specifically, Schultz contends that the trial court's jury instruction was erroneous as to the elements of duty and intent because it instructed the jury that both elements had been met on a finding of predicate facts. *See State v. Tronca*, 84 Wis. 2d 68, 82–83, 267 N.W.2d 216 (1978) ("[WISCONSIN STAT. § 946.12(3)] provides, as separate elements of the crime, the requirement that the conduct be 'inconsistent with the duties of [one's] office' and the requirement that the conduct be done 'with intent to obtain a dishonest advantage.' "). Although both elements may be proved through the same transaction, there must nevertheless be proof as to both elements. *Id.* at 83. Thus, the State was required to prove beyond a reasonable doubt that Schultz exercised her discretionary power in a manner inconsistent with her duties, and with the purpose to obtain a dishonest advantage for herself or others.

¶ 8. Schultz contends that the trial court, by including the challenged language in the jury instruction, essentially directed findings that Schultz acted inconsistently with her duties as a legislative employee and intended to obtain a dishonest advantage for herself or for others, and thus the instruction contained impermissible mandatory conclusive presumptions. She asserts that the instruction violated WIS. STAT. § 903.03(3) because it contained mandatory conclusive presumptions and the trial court failed to instruct the jury in the manner required by § 903.03(3). The State categorizes the jury instruction as an appropriate instruction on the substantive law of Misconduct in Public Office. We agree with Schultz, and conclude that the jury instruction impermissibly directed two elemental findings for the jury.

¶ 9. In *State v. Kuntz*, 160 Wis. 2d 722, 736–37, 467 N.W.2d 531 (1991), the supreme court explained that:

> A mandatory presumption instructs the jury that it must find the elemental fact if the state proves certain predicate facts. A mandatory presumption that is irrebutable is conclusive. Thus, a mandatory conclusive presumption relieves the state of its burden of persuasion by removing the presumed element from the case entirely if the state proves the predicate facts.

(Citations omitted.) WISCONSIN STAT. § 903.03(2) limits the circumstances under which a judge may direct a jury to find a presumed fact against a defendant. In the event that the judge gives such an instruction, § 903.03(3) requires that

> the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient

605

evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt.

¶ 10. Schultz contends that the following sentences in the jury instruction given by the trial court operated as mandatory conclusive presumptions on the issues of intent and duty: "The use of a state resource to promote a candidate in a political campaign or to raise money for a candidate provides to that candidate a dishonest advantage" (establishing the intent element);[3] and "[i]t is a state employee's duty not to use, or direct the use of, state resources for political campaigns . . . . Political activity includes any of the following: Campaign fundraising, the preparation and maintenance of campaign finance reports, and candidate recruitment" (establishing that Schultz acted inconsistently with her duties).[4] Thus, Schultz contends

---

[3] The trial court read the following modified version of WIS JI–CRIMINAL 1732 to the jury:

> The fourth element requires that the defendant exercised . . . discretionary power with intent to obtain a dishonest advantage for himself or herself or another. *The use of a state resource to promote a candidate in a political campaign or to raise money for a candidate provides to that candidate a dishonest advantage.* The phrase "with intent to" means that the defendant must have had the purpose to obtain a dishonest advantage or have been aware that his conduct was practically certain to cause that result. You cannot look into a person's mind to find intent. While this intent to obtain a dishonest advantage must be found as a fact before you can find the defendant guilty, it must be found, if found at all, from his words and acts and statements, if any, bearing upon his intent.

(Emphasis added.)

[4] The trial court instructed the jury:

that the jury instruction directed the jury to presume the elemental facts that Schultz acted with intent to obtain a dishonest advantage for herself or another and inconsistently with the duties of her office upon the predicate fact that she used state resources for campaign purposes.

¶ 11. The State argues that the contested language in the jury instruction did not contain mandatory conclusive presumptions because the language merely stated the law as established in *Jensen* and *State v. Chvala*, 2004 WI App 53, 271 Wis. 2d 115, 678 N.W.2d 880, and the court must instruct the jury on the law. It also argues the jury instruction did not direct the jury to find that Schultz intended to obtain a dishonest advantage if it found she used state resources to promote a political campaign. Instead, the State asserts, the instruction allowed the jury to make its own finding as to whether Schultz intended to obtain a dishonest advantage if it found she improperly used State resources for campaign purposes. We disagree, and conclude that the jury instruction contained mandatory conclusive presumptions as to the elements of intent and acting inconsistently with official duties, and thus violated WIS. STAT. § 903.03(3) because it did not contain the limiting language set forth in sub. (3).

---

The third element requires that the defendant exercised a discretionary power in a manner inconsistent with the duties of his or her office or employment. It is a state representative's duty to refrain from directing state employees to manage political campaigns and to engage in political activity with state resources. *It is a state employee's duty not to use, or direct the use of, state resources for political campaigns.* A campaign for the Wisconsin State Assembly is a political campaign. *Political activity includes any of the following: Campaign fundraising, the preparation and maintenance of campaign finance reports, and candidate recruitment.*

(Emphasis added.)

¶ 12. The State's argument that the jury instruction did not contain mandatory conclusive presumptions relies on its interpretation of *Jensen I* and *Chvala* as establishing that a legislative aide who uses state resources for campaign purposes obtains a dishonest advantage and acts inconsistently with the duties of her office. The problem with the State's analysis is that it fails to appreciate the difference between our ruling on a motion to dismiss a complaint and appropriate language for a jury instruction.

¶ 13. The State quotes language from *Jensen* and *Chvala* that it claims establish the substantive law as to a public official's obtaining a dishonest advantage through use of state resources. The State's reliance is misplaced. The statement in *Chvala*, 271 Wis. 2d 115, ¶ 19, that "[a] reasonable legislator can easily conclude by the language of this statute that directing . . . staff to engage in political campaign activity with state resources is inconsistent with the rights of others and is intended to obtain a dishonest advantage," was made in the context of discussing whether Wis. Stat. § 946.12(3) was unconstitutionally vague. Similarly, in *Jensen*, 272 Wis. 2d 707, ¶ 29, we said that "a reasonable person would be aware that using discretionary powers to obtain a dishonest advantage over others by waging partisan political campaigns with state resources on state time violates one's duty as a public official." In other words, we said that the defendants *could* be convicted because the statute apprised a reasonable person that the conduct, as alleged in the complaint, neared proscribed conduct. *See Chvala*, 271 Wis. 2d 115, ¶¶ 10–11. We did not say in either case that a trial court could direct elemental findings on the facts as presented in the complaints. There is a significant difference.

608

¶ 14. As to the intent element, we agree with Schultz that *State v. Dyess* is instructive. In *Dyess*, the defendant was charged with homicide by negligent use of a vehicle. *State v. Dyess*, 124 Wis. 2d 525, 528, 370 N.W.2d 222 (1985). Evidence introduced at trial indicated that Dyess was exceeding the speed limit at the time of the accident. *Id.* At the close of evidence, the trial court instructed the jury that "[a]ny speed in excess of [the speed] limit would be negligent speed regardless of other conditions." *Id.* at 531. Dyess was convicted of the charge.

¶ 15. Dyess appealed, arguing in part that the jury instructions were constitutionally and statutorily infirm because "they created a conclusive presumption of negligence." *Id.* at 532. We affirmed.

¶ 16. The supreme court reversed, concluding that the instruction violated Wis. Stat. § 903.03(3) because the challenged part of the instruction essentially directed "the jury to bring in a finding that was essential to the determination of guilt." *Id.* at 534. More specifically, the court concluded that, in a civil case, a judge may instruct a jury that as a matter of law one who speeds is negligent. This type of instruction impermissibly directs a finding in a criminal case. The court ruled that whether Dyess was negligent was a factual issue for the jury.

¶ 17. Here, as in *Dyess*, the jury instruction precluded the jury from reaching its own decision on a finding essential to a conviction. In *Dyess*, the instruction directed the jury to find negligence on a finding of speeding. Here, the instruction directed the jury to find intent on a finding of use of state resources for campaign purposes. We fail to see a distinction.

¶ 18. The State, however, argues that only directed *factual* findings are impermissible, while di-

rected *legal* findings are proper. The *Dyess* court rejected this argument. In *Dyess*, the State asserted that Wis. Stat. § 903.03(3) referred "only to the 'existence of a presumed *fact*.'" *Id.* at 536 (emphasis added). The supreme court rejected this argument and pointed out that the language of § 903.03(1) states that the statute generally "governs presumptions 'recognized at common law.'" *Id.* The supreme court further pointed to the Judicial Council's notes to § 903.03, 59 Wis. 2d R57 (1973), which support the notion that the "restrictions in the rule apply to all presumptions sought to be used in criminal cases." *Id.* at 537. The court observed that no exceptions have been made to the rule because "the matter to be presumed is legal rather than factual in nature." *Id.*

¶ 19. The State asserts that the *Dyess* court's holding that Wis. Stat. § 903.03 applies to all evidentiary presumptions, whether factual or legal, does not affect "the fundamental principle that it is the duty of the trial court to instruct the jury on the law that the jury must apply and the jury has no right to disregard the law." This assertion, however, rests on the State's primary argument that the challenged language in the instruction was a correct statement of the law, an argument that we reject. The State offers no other reason to ignore the court's holding in *Dyess* on this topic.

¶ 20. We also disagree with the State's assertion that the jury instruction left the jury free to reach its own finding as to Schultz's intent upon a finding that Schultz used state resources for campaign purposes. The court's jury instruction only required that the jury find that Schultz used state resources "to promote a candidate in a political campaign or to raise money for

610

a candidate" for it to find that Schultz exercised her discretionary power with intent to obtain a dishonest advantage for herself or another. Stated differently, this instruction directs the jury that it must find that Schultz exercised her discretionary authority with the purpose to obtain a dishonest advantage (the elemental fact) if the State proves that Schultz used state resources for political campaign purposes (the predicate fact). This instruction relieves the State of its burden of proving beyond a reasonable doubt that Schultz exercised her discretionary power with the intent of obtaining a dishonest advantage for herself or others, requiring only that the State prove the predicate fact of Schultz using state resources for campaign purposes. Thus, the jury instruction contained a mandatory conclusive presumption on the element of intent.

¶ 21. Finally, the State argues that under *Jensen*, *Chvala*, and *State v. Schwarze*, 120 Wis. 2d 453, 455–56, 355 N.W.2d 842 (Ct. App. 1984), the court was required to define Schultz's duty for the jury because duty is an issue of law for the court to determine. We agree with the State that, at least in the context of Wis. Stat. § 946.12(3), duty is a question of law, *see Schwarze*, 120 Wis. 2d at 456, and that the trial court must define statutory terms for the jury,[5] *see State v. Curtis*, 144 Wis. 2d 691, 695, 424 N.W.2d 719 (Ct. App. 1988). However, we agree with Schultz that the jury instruction did not merely define duty, but rather instructed the jury that, if it found Schultz engaged in certain

[5] Nonetheless, in civil cases we submit the question of duty to juries. *See* Wis JI—Civil 1005 (conduct is negligent if a reasonable person could foresee risk of injury or damage.) Duty means to avoid foreseeable harm. *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶ 30, 291 Wis. 2d 283, 717 N.W.2d 17.

conduct, it must find that she acted inconsistently with her official duties. As such, the instruction was an impermissible mandatory conclusive presumption.

¶ 22. Although a trial court must instruct the jury on the substantive law, the court may not apply the facts to the law and state that certain facts meet that definition. *Curtis*, 144 Wis. 2d at 695. Thus, in *Curtis*, we said the trial court properly defined the term "unconscious" in Wis. Stat. § 940.225(2)(d) as including sleep, while leaving to the jury the question of whether the victim was, in fact, asleep. *Id.* at 695–96. Similarly, in *State v. Childs*, 146 Wis. 2d 116, 119, 430 N.W.2d 353 (Ct. App. 1988), we said that the trial court properly instructed the jury that the term "fellatio" in Wis. Stat. § 940.255(5)(b) meant "the oral stimulation of the penis" based on the ordinary and common meaning of the term.

¶ 23. Here, the trial court did not merely define Shultz's duty and then submit to the jury the question of whether Schultz engaged in conduct contrary to that duty, as the State asserts. *See Schwarze*, 120 Wis. 2d at 456 (stating that "an employee has a duty to disclose shortages of money to his or her supervisor" as a matter of law, and thus the jury instruction that such a duty existed was proper). Instead, Schultz's jury instruction stated that certain conduct was inconsistent with Schultz's duties. Even accepting the State's proposition that the court's role was to define Schultz's duty for the jury,[6] whether Schultz engaged in alleged conduct and whether that conduct was inconsistent with Schultz's

---

[6] The State references a long line of cases following *Dyess* that conclude jury instructions either were or were not impermissible mandatory conclusive presumptions. The State attempts to draw a bright line rule between issues of fact to be submitted to the jury and issues of law that must be determined

duties were questions for the jury. Because the jury instruction required the jury to find that the element of performing acts inconsistent with the duties of one's office was met upon a finding that Schultz engaged in campaign activity on state time, the instruction was a mandatory conclusive presumption.

¶ 24. Having concluded that the disputed language constitutes mandatory conclusive presumptions, the next question is whether the court complied with the requirement of Wis. Stat. § 903.03(3) to include limiting language in the instruction directing the jury that it "may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so." The State does not respond to Schultz's argument that the jury instruction violated § 903.03(3) because it did not contain the obligatory limiting language. Our review of the instruction reveals that the court did not include this language. Because it did not do so, we conclude that the jury instruction violates § 903.03(3).

¶ 25. Our inquiry does not stop here, however. We are required to consider whether the court's error was harmless. *See Dyess*, 124 Wis. 2d at 540; *see also State v. Harvey*, 2002 WI 93, ¶ 47 n.12, 254 Wis. 2d 442, 647

by the court. As we have explained, such a distinction is inconsistent with the supreme court's mandate in *Dyess*. Further, the cases cited by the State do not clearly demarcate the distinction between jury instructions that state the substantive law and those that impermissibly apply the facts to the law. Neither party has cited a case following *Dyess* that addresses the issue of a jury instruction on a public official's duty. However, our conclusion that the jury instruction on Schultz's duties did not merely state what Schultz's duties were, but rather stated that certain actions were inconsistent with her duties, is dispositive.

N.W.2d 189. In Wisconsin, "[a] constitutional or other error is harmless if it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.' " *Harvey*, 254 Wis. 2d 442, ¶ 49 (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).

¶ 26. Schultz argues that the jury instruction affected her substantial rights to a trial by a jury and therefore the court's error was not harmless. The State does not fully develop a responsive argument. Essentially, the State asserts, without further elaboration, that the error does not relate to an element of the offense and that a jury would have still convicted Schultz had the proper instruction been given. Regardless, we are compelled to consider whether the error was harmless. *See id.*, ¶¶ 35, 49. Having considered the question, we conclude that the statutory instructional error was not harmless beyond a reasonable doubt.

¶ 27. At trial, most of the facts were undisputed. The core issues in this case were whether Schultz acted inconsistently with her official duties and intended to obtain a dishonest advantage by participating in campaign activity on state time using state resources. The line between permissible public policy implementation and impermissible use of state resources, though discernable, is not a bright line.

¶ 28. As we have explained, the trial error consisted of an instruction that the jury must accept as true the elemental facts that Schultz acted inconsistently with the duties of her office and intended to obtain a dishonest disadvantage if the jury found that Schultz used state resources to promote a candidate or to raise money for political campaign purposes. And, as we have concluded, this operated as mandatory conclu-

sive presumptions in violation of Wis. Stat. § 903.03(3) because the court did not instruct the jury that it may, but need not, accept the elemental facts as true. Thus, the instruction required the jury to find the intent and duty elements were met upon finding that Schultz participated in campaign activities on state time. We conclude that Schultz's substantial rights were affected because the instruction operated to relieve the State of its burden of proving beyond a reasonable doubt that Schultz acted inconsistently with her duties and with the intent to obtain a dishonest advantage for herself or another. As the supreme court explained in *Dyess*, 124 Wis. 2d at 548:

> It is apparent that a reviewing court cannot say that the loss of a jury right on a crucial issue guaranteed by the rules is of so little consequence as to be insubstantial. Sec. 903.03(3) guarantees to criminal defendants that all presumptions used will have a permissive effect only—that only the jury can find the presumed fact upon the inferences from basic facts which themselves must be proved to the jury beyond a reasonable doubt. This court cannot ignore its own rules and conclude that the deprivation of a substantial procedural and statutory right caused by faulty jury instructions did not, to a degree of reasonable possibility, contribute to the verdict of guilty.

In other words, it is beyond a reasonable doubt that the error contributed to Schultz's conviction. *See Harvey*, 254 Wis. 2d 442, ¶ 47.

### *Conclusion*

¶ 29. In sum, we conclude that the trial court's jury instruction on Misconduct in Public Office was erroneous. Because the instruction directed the jury that a legislative employee's use of state resources for

campaign purposes established that the employee acted inconsistently with the duties of her office, and obtained a dishonest advantage for herself or others, it contained mandatory conclusive presumptions. The court's failure to provide a limiting instruction under WIS. STAT. § 903.03(3) was therefore reversible error. Accordingly, we reverse and remand for a new trial.

*By the Court.*—Judgment reversed and cause remanded with directions.