# COURT OF APPEALS
# DECISION
# DATED AND FILED

## March 31, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP339-CR**

Cir. Ct. No. **2017CF1905**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

STEPHAN L. BURTON,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County: SUSAN M. CRAWFORD, Judge. *Affirmed.*

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Stephan Burton appeals a judgment convicting him of two counts of second-degree sexual assault of an unconscious victim and three misdemeanors.    He also appeals the circuit court's order denying his postconviction motion.    Burton argues that trial counsel was ineffective by (1) failing to object to the instruction the jury received on the definition of "unconscious" and (2) failing to request a lesser included offense instruction for fourth-degree sexual assault.   He also argues that his misdemeanor convictions should be vacated because they were not timely prosecuted in compliance with the Intrastate Detainer Act.   We affirm.

*Ineffective Assistance of Counsel*

¶2    We turn first to Burton's arguments for ineffective assistance of counsel.   To establish ineffective assistance of counsel, a defendant must show both that counsel performed deficiently and that counsel's deficient performance prejudiced the defense.   *State v. Jenkins*, 2014 WI 59, ¶35, 355 Wis. 2d 180, 848 N.W.2d 786.   To establish deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.   *Id.*, ¶36.   To demonstrate prejudice, the defendant must show that, absent counsel's error, there was a reasonable probability of a different result.   *Id.*, ¶49.   Whether counsel's performance satisfies the constitutional standard for ineffective assistance of counsel is a question of law that appellate courts review de novo. *State v. Thiel*, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305.

*1.  Definition of "Unconscious"*

¶3    As noted above, Burton was convicted of two charges of second-degree sexual assault of an unconscious victim.   The applicable statute, WIS. STAT. § 940.225(2)(d) (2019-20), prohibits "sexual contact or sexual intercourse

2

with a person who the defendant knows is unconscious."[1]  The statute does not define the term "unconscious."   The jury was instructed that "[t]he term unconscious includes a loss of awareness which may be caused by sleep."

¶4      Burton argues that trial counsel was ineffective by failing to object to this instruction and request a narrower definition of the term "unconscious," which refers to "heavy" sleep.  Burton bases his argument on the following statement in the comments to the Wisconsin Criminal Jury Instructions:  "The [Wisconsin Criminal Jury Instructions] Committee believes the common meaning of unconscious includes the loss of awareness caused by intoxication, the taking of drugs, or heavy sleep."  WIS JI—CRIMINAL 1213 n.1.  Burton argues that this court acknowledged this narrower definition from the Committee's comments in *State v. Curtis*, 144 Wis. 2d 691, 424 N.W.2d 719 (Ct. App. 1988).  According to Burton, trial counsel's failure to request this narrower definition was deficient performance because it allowed the jury to convict him based on a lower standard of proof.  Burton contends that counsel's deficient performance was prejudicial because there was a lack of evidence that the two victims were using alcohol or drugs or in a heavy sleep.

¶5      The State counters that Burton's counsel was not deficient because the instruction the jury received was accurate.  The State argues that *Curtis* did not adopt the narrower definition from the comments to the Wisconsin Criminal Jury Instructions.  The State also argues that Burton cannot show prejudice because there was evidence that both victims were in a heavy sleep.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version.  We cite the current version of the statutes for ease of reference.  There have been no changes to the applicable statutory provisions during the relevant time periods.

¶6     We agree with the State that the instruction the jury received was accurate and consistent with the definition of the term "unconscious" that was adopted in *Curtis*.  For that reason, we conclude that counsel was not deficient by failing to object to the instruction the jury received and request a different instruction referring to "heavy sleep."

¶7     In *Curtis*, we concluded that the term "'unconscious,' as used in sec. 940.225(2)(d), Stats.," means "a loss of awareness which *may* be caused by sleep." *Curtis*, 144 Wis. 2d at 695-96; *see also id.* at 696 (reiterating that "the element of unconsciousness includes the loss of awareness caused by sleep").  In a footnote in *Curtis*, we acknowledged the statement referencing "heavy sleep" from the comments to the Wisconsin Criminal Jury Instructions.  *Id.* at 696 n.1.  We did not, however, adopt that statement as a proper definition of "unconscious." *See id.* at 695-96 & n.1.

¶8     Additionally, we have reaffirmed the definition adopted in *Curtis* in subsequent cases.  In *State v. Schultz*, 2007 WI App 257, 306 Wis. 2d 598, 743 N.W.2d 823, we stated that "in *Curtis*, we said the trial court properly defined the term 'unconscious' in WIS. STAT. § 940.225(2)(d) as including sleep." *Schultz*, 306 Wis. 2d 598, ¶22.  Additionally, in *State v. Pittman*, 174 Wis. 2d 255, 496 N.W.2d 74 (1993), our supreme court similarly concluded that § 940.225(2)(d) "provides clear notice that sexual intercourse with a person who is asleep is illegal." *Pittman*, 174 Wis. 2d at 277.[2]

---

[2] In light of our discussion above, we suggest that the Criminal Jury Instructions Committee reconsider its statement referencing "heavy sleep" in the comments to WIS JI— CRIMINAL 1213.

## 2. *Lesser Included Offense Instruction*

¶9      Burton next argues that trial counsel was ineffective by failing to request a lesser included offense instruction for fourth-degree sexual assault. He contends that fourth-degree sexual assault is a lesser included offense of second-degree sexual assault of an unconscious victim, and that trial counsel's failure to request the lesser included offense instruction was prejudicial.

¶10      The State contends that fourth-degree sexual assault is not a lesser included offense of second-degree sexual assault of an unconscious victim. The State also argues that even if it were, trial counsel's testimony at the postconviction hearing shows that counsel made a reasonable strategic decision to forgo a lesser included offense instruction.

¶11      We agree with the State's first argument. We do not address the State's second argument. *See* ***Barrows v. American Fam. Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

¶12      The parties agree that Wisconsin uses an "elements only" test to determine whether one crime is a lesser included offense of another. Under that test, "the lesser offense must be statutorily included in the greater offense and contain no element in addition to the elements constituting the greater offense." ***State v. Carrington***, 134 Wis. 2d 260, 265, 397 N.W.2d 484 (1986). Stated another way, an offense "is a lesser included one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the greater offense." ***Id.*** (internal quotation marks and quoted source omitted).

5

¶13    The elements of second-degree sexual assault of an unconscious victim are: (1) the defendant had sexual contact or sexual intercourse with the victim; (2) the victim was unconscious at the time; and (3) the defendant knew that the victim was unconscious at the time. WIS. STAT. § 940.225(2)(d); WIS JI—CRIMINAL 1213. The elements of fourth-degree sexual assault are: (1) the defendant had sexual contact with the victim; and (2) the victim did not consent to the sexual contact. Section 940.225(3m); WIS JI—CRIMINAL 1219. The State argues that fourth-degree sexual assault is not a lesser included offense of second-degree sexual assault of an unconscious victim because fourth-degree sexual assault requires proof of an element that second-degree sexual assault of an unconscious victim does not. Specifically, fourth-degree sexual assault requires proof that the victim did not consent to the sexual contact. Burton argues that, for purposes of what constitutes a lesser included offense, requiring proof of unconsciousness is the equivalent of requiring proof of lack of consent.

¶14    In its decision denying Burton's postconviction motion, the circuit court explained that there are no published cases in Wisconsin that specifically address whether fourth-degree sexual assault is a lesser included offense of second-degree sexual assault of an unconscious victim, but that Wisconsin cases suggest the conclusion that it is not. After reviewing the cases cited by the circuit court and discussed by the parties on appeal, we conclude that, at best, the issue is unsettled. Therefore, Burton does not persuade us that his trial counsel's performance was deficient for failing to request a lesser included offense instruction for fourth-degree sexual assault. *See State v. Lemberger*, 2017 WI 39, ¶18, 374 Wis. 2d 617, 893 N.W.2d 232 ("[F]ailure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's

services 'outside the wide range of professionally competent assistance' sufficient to satisfy the Sixth Amendment." (quoted source omitted)).

*Intrastate Detainer Act*

¶15    We turn to Burton's argument that his misdemeanor convictions should be vacated because they were not timely prosecuted in compliance with the Intrastate Detainer Act (IDA).  For the reasons explained below, we conclude that Burton forfeited this argument and, on that basis, we decline to address its merits.

¶16    Under the IDA, an inmate in a Wisconsin prison may request prompt disposition of an untried criminal case in this state.  WIS. STAT. § 971.11(1).  The IDA provides that if the crime charged is a misdemeanor, the district attorney has 90 days from the receipt of the defendant's request to dismiss the charge or bring it to trial.  Section 971.11(3).  For felony charges, the time period is 120 days.  Section 971.11(2).  With exceptions not relevant here, the case "shall be dismissed" if not brought to trial within the specified time period.  Section 971.11(7).  Circuit courts have discretion to decide, based on a variety of factors, whether the dismissal is with or without prejudice.  ***State v. Davis***, 2001 WI 136, ¶¶5, 29, 248 Wis. 2d 986, 637 N.W.2d 62.

¶17    The State does not dispute that Burton made a proper request for prompt disposition under the IDA or that his misdemeanor charges were not brought to trial within 90 days of the request.  The State argues, however, that

Burton forfeited his argument under the IDA because he did not seek dismissal of those charges under the IDA in the circuit court. We agree.[3]

¶18 "Forfeiture is the failure to make the timely assertion of a right." *State v. Counihan*, 2020 WI 12, ¶25, 390 Wis. 2d 172, 938 N.W.2d 530. "Some rights are forfeited when they are not claimed at trial, and a mere failure to object constitutes forfeiture of the right on appellate review." *Id.*

¶19 The primary purpose of this forfeiture rule is to "enable the circuit court to avoid or correct any error as it comes up, with minimal disruption of the judicial process and maximum efficiency." *Id.*, ¶26. "Such a practice encourages timely objections and obviates the need for appeal." *Id.* "Further, the forfeiture rule gives the parties and the circuit court notice of an issue and a fair opportunity to address the objection." *Id.*, ¶27. "It additionally 'encourages attorneys to diligently prepare for and conduct trials' and 'prevents attorneys from "sandbagging" opposing counsel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal.'" *Id.* (quoted source omitted).

¶20 Applying the forfeiture rule here serves most if not all of these purposes. Had Burton timely objected or moved to dismiss his misdemeanor charges based on the IDA, the circuit court would have had the opportunity to determine prior to trial whether the charges must be dismissed, and if so, whether to dismiss the charges with or without prejudice. A timely objection or motion

---

[3] The State also advances a statutory interpretation argument that we do not address. The argument is that the IDA should be interpreted so that the 120-day time period for felonies applies when, as here, felony and misdemeanor charges are joined for trial.

8

may have avoided the need for a trial on the misdemeanor charges, and it may also have avoided the need for an appeal on the IDA issue.

¶21 Burton argues that the State's reliance on the forfeiture rule is foreclosed by *State v. Lewis*, 2004 WI App 211, 277 Wis. 2d 446, 690 N.W.2d 668. He relies on language in *Lewis* providing that the district attorney bears the responsibility for honoring a defendant's request under the IDA. *See id.*, ¶15 ("Once the district attorney receives the request, the responsibility for prompt disposition is placed squarely on the district attorney.").

¶22 We disagree with Burton that *Lewis* is controlling on the question of forfeiture. In *Lewis*, we were addressing the responsibilities of the district attorney when confusion arose at a pretrial conference over the defendant's prior request for prompt disposition under the IDA. *See id.*, ¶¶4, 6, 10, 12-15. We were not addressing the distinct issue of whether defendants may forfeit arguments under the IDA issue by failing to timely raise them during trial proceedings. Unlike Burton, the defendant in *Lewis* moved for dismissal based on an IDA violation. *See id.*, ¶7.

*Conclusion*

¶23 In sum, for the reasons stated above, we affirm the judgment of conviction against Burton and the order denying his motion for postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

9